**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy                04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Sharity Ministries, Inc.** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | **FKA  Trinity Healthshare, Inc.** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **83-1050344** |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** |

**Principal place of business**

**821 Atlanta Street
Suite 124
Roswell, GA 30075**
Number, Street, City, State & ZIP Code

**Fulton**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.sharityministries.org** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: |

Debtor    **Sharity Ministries, Inc.**                                      Case number (if known) _____
      Name

**7.  Describe debtor's business**    A. *Check one:*

    ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

    ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

    ☐ Railroad (as defined in 11 U.S.C. § 101(44))

    ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

    ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

    ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

    ■ None of the above

    B. *Check all that apply*

    ■ Tax-exempt entity (as described in 26 U.S.C. §501)

    ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

    ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

    C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
       See http://www.uscourts.gov/four-digit-national-association-naics-codes.
       __8131__

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

    ☐ Chapter 7

    ☐ Chapter 9

    ■ Chapter 11. *Check **all** that apply:*

        ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

        ■ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

        ■ A plan is being filed with this petition.

        ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

        ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

        ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

    ☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

    ■ No.
    ☐ Yes.

| District | When | Case number |
|---|---|---|
| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

Debtor    **Sharity Ministries, Inc.**                                    Case number (*if known*)
_____
Name

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | _____ | | Relationship | _____ |
|---|---|---|---|---|
| District | _____ | When _____ | Case number, if known | _____ |

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $1,000,001 - $10 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

---

Debtor    **Sharity Ministries, Inc.**
         _____    Case number (*if known*) _____
         Name

☐ $50,001 - $100,000              ☐ $10,000,001 - $50  million        ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000             ☐ $50,000,001 - $100 million        ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million           ☐ $100,000,001 - $500 million       ☐ More than $50 billion

7/07/21 4:45PM

Debtor    **Sharity Ministries, Inc.**                                                              Case number (*if known*) _____
_____Name_____

▓▓▓▓ **Request for Relief, Declaration, and Signatures**
_____

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or
imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature
of authorized
representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   07/08/2021
                   MM / DD / YYYY

X _____          Neil F. Luria
Signature of authorized representative of debtor     _____Printed name_____

Title    **Chief Restructuring Officer**

_____

**18. Signature of attorney**

X _____          Date   7 /8 /2021
Signature of attorney for debtor                              MM / DD / YYYY

**Matthew B. McGuire**
_____Printed name_____

**Landis Rath & Cobb LLP**
_____Firm name_____

**919 N. Market Street
Suite 1800
Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **302-467-4400**        Email address   **mcguire@lrclaw.com**

**4366 DE**
Bar number and State

**WRITTEN CONSENT**
**OF**
**THE BOARD OF DIRECTORS**
**OF**
**SHARITY MINISTRIES, INC.**
**(A Delaware Non-Stock Corporation)**

The undersigned, being all of the members of the board of directors (the "Board of Directors") of Sharity Ministries, Inc., a Delaware non-stock corporation (the "Corporation"), pursuant to Section 141 of the General Corporation Law of the State of Delaware (the "DGCL"), hereby consent to and take the actions set forth below. This Consent ("Consent") is given in lieu of a meeting of the Board of Directors, and the actions taken herein are to have the same force and effect as if taken at a meeting at which all of the directors were present. The undersigned, by signing hereunder, expressly waive all notice of a meeting and direct that this Consent be filed with the proceedings of the Corporation:

**Bankruptcy Filing**

**WHEREAS**, the Board believes it is in the best interest of the Corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code.

**NOW, THEREFORE, BE IT RESOLVED**, that Mr. Neil F. Luria, in his capacity as Chief Restructuring Officer of the Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a Chapter 11 voluntary bankruptcy case on behalf of the Corporation and in the case of execution of the voluntary petition itself, either Mr. J. Christopher Sizemore, in his capacity as Chairman of the Board of the Corporation, or Mr. Neil F. Luria in his capacity as Chief Restructuring Officer;

**RESOLVED FURTHER**, that Mr. Neil F. Luria, in his capacity as Chief Restructuring Officer of the Corporation, is authorized and directed to appear in bankruptcy proceedings as necessary on behalf of the Corporation or to direct another representative to appear, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Corporation in connection with such bankruptcy case;

**RESOLVED FURTHER**, that Mr. J. Christopher Sizemore, in his capacity as Chairman of the Board of the Corporation, is authorized and directed to employ Jorian L. Rose, Esq., of the law firm of Baker & Hostetler LLP, to act as bankruptcy counsel to the Corporation;

**RESOLVED FURTHER**, that Mr. J. Christopher Sizemore, in his capacity as Chairman of the Board of the Corporation, is authorized and directed to employ Adam G. Landis, Esq. of the law firm of Landis Rath & Cobb LLP to act as bankruptcy counsel to the Corporation; and

**RESOLVED FURTHER**, that Mr. Neil F. Luria, in his capacity as Chief Restructuring Officer of the Corporation, is authorized to negotiate the terms of the plan of reorganization on behalf of the Corporation.

**General**

    **RESOLVED FURTHER**, that in addition to the specific matters forth in the foregoing resolutions, the officers and directors of the Corporation are, and each of them acting individually hereby is, authorized and empowered, in the name and on behalf of the Corporation, and with the full power to act, to take or cause to be taken any and all such further actions to carry out, execute, ratify and deliver or cause to be carried out, executed, and delivered, all such other actions, documents, certificates, instruments, amendments, and agreements, as they shall in their judgment determine necessary, desirable, or advisable to consummate, effectuate, carry out, or further the transactions contemplated by and the intent and purposes of the foregoing resolutions as ratified; and

    **RESOLVED FURTHER,** that all actions heretofore taken by any director or officer of the Corporation with respect to any of the foregoing resolutions or the actions contemplated thereby, and all other matters contemplated by the purpose and intent of foregoing resolutions are hereby approved, adopted, ratified, and confirmed in all respects.

    This Consent may be executed in multiple counterparts (including by facsimile transmission or by portable document format (PDF) via electronic mail), each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same original.

*[Signatures on Next Page.]*

4817-7424-4592.2

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Directors of the Corporation, have executed this Consent as of the ___ day of July, 2021.

### BOARD OF DIRECTORS:

*chris sizemore*

_____
J. Christopher Sizemore, Chairman

*A. Joseph Guarino III*
A. JOSEPH GUARINO III (Jul 1, 2021 13:48 EDT)
_____
A. Joseph Guarino III

*William H. Thead III*
William H. Thead III (Jul 1, 2021 12:54 EDT)
_____
William H. Thead III

*SVault*
Stephen Vault (Jul 1, 2021 15:40 EDT)
_____
Stephen W. Vault

*Joseph Handy*
Joseph Handy (Jul 1, 2021 14:15 EDT)
_____
Joseph J. Handy

3

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Sharity Ministries, Inc.** |
| United States Bankruptcy Court for the: | **DISTRICT OF DELAWARE** |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Advevo, LLC 990 Hammond Drive Suite 700 Atlanta, GA 30328 | martha.parker@Ali eracompanies.com | Marketing Services | Disputed | | | $140,800.58 |
| Corporation Service Corporation (CSC) 251 Little Falls Drive Wilmington, DE 19808 | (302) 636-5454 | Services | | | | $1,422.00 |
| Ensurian Agency, LLC 990 Hammond Drive Suite 700 Atlanta, GA 30328 | martha.parker@Ali eracompanies.com | Commissions | Disputed | | | $2,062,860.20 |
| Gibbons, P.C. One Gateway Center Newark, NJ 07102-5310 | jmartin@gibbonsla w.com 215-446-6308 | Legal Services | | | | $1,093.00 |
| Ron Hinkle Legislative Consultant PO Box 11664 Austin, TX 78711 | Ron@RHinkle.com | Services | | | | $4,500.00 |
| TacTic Edge Solutions, LLC 990 Hammond Drive Suite 700 Atlanta, GA 30328 | martha.parker@Ali eracompanies.com | Network Services | Disputed | | | $603,855.71 |
| USA Benefits & Administrators, LLC 990 Hammond Drive Suite 700 Atlanta, GA 30328 | martha.parker@Ali eracompanies.com | Services | Disputed | | | $869,312.62 |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

# United States Bankruptcy Court
## District of Delaware

In re   **Sharity Ministries, Inc.** _____

Debtor(s)

Case No. _____

Chapter    11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|

-NONE-

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Chief Restructuring Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    **July 8, 2021** _____

Signature _____

Neil F. Luria

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## District of Delaware

In re   **Sharity Ministries, Inc.**

                                                    Debtor(s)

Case No.
Chapter   **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Sharity Ministries, Inc.**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**July  8, 2021**

Date

/s/ *[signature]*

**Matthew B. McGuire**

Signature of Attorney or Litigant
Counsel for   **Sharity Ministries, Inc.**
**Landis Rath & Cobb LLP**
**919 N. Market Street, Suite 1800**
**302-467-4400 Fax:302-467-4450**
**mcguire@lrclaw.com**

7/07/21 5:52PM

<table>
<tr><td colspan="2" style="background:black;color:white"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name</td><td><strong>Sharity Ministries, Inc.</strong></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:   DISTRICT OF DELAWARE</td></tr>
<tr><td colspan="2">Case number (if known)</td></tr>
</table>

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐  *Schedule H: Codebtors* (Official Form 206H)
☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐  Amended *Schedule*
■  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■  Other document that requires a declaration    **List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   *July 8, 2021*        X _____
                                        Signature of individual signing on behalf of debtor

                                        **Neil F. Luria**
                                        Printed name

                                        **Chief Restructuring Officer**
                                        Position or relationship to debtor

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

*Draft Unaudited Internal Financials;*
*Subject to Review and Material Revision*

### *Sharity Ministries*
### *INCOME STATEMENT*
### *As of May 31, 2021*

|  | YTD 2021 |
|---|---|
| **INCOME** | |
| Member Donations | 27,622,143 |
| **TOTAL INCOME** | 27,622,143 |
| | |
| **COST OF SALES** | 24,629,540 |
| **GROSS PROFIT** | 2,992,603 |
| | |
| **EXPENSES:** | |
| Operating Expenses | 2,518,765 |
| **TOTAL EXPENSES** | 2,518,765 |
| | |
| Misc Income | 0 |
| **NET OPERATING INCOME** | 473,838 |
| | |
| Non Operating Income | 0 |
| Interest Income | 187 |
| **NET INCOME** | 474,025 |

*Draft Unaudited Internal Financials;
Subject to Review and Material Revision*

# Sharity Ministries
## BALANCE SHEET
## May 31, 2021

**ASSETS**

  **Current Assets**

    **Cash and Cash Equivalents**

| | |
|---|---:|
| Cash - Operating | 110,948 |
| Cash - Adroit | 313,159 |
| Cash - Charitable | 791,413 |
| Cash - Deposit | 1,353,098 |
| Cash - Member Share Requests | 314,153 |
| Cash - Savings | 1,473,931 |
| Cash - Sharebox Savings | 80,230 |
| Total Cash and Cash Equivalents | 4,436,932 |

    **Other Current Assets**

| | | |
|---|---|---:|
| | Prepaid Expenses | 146 |
| | Advances/Retainers | 54,139 |
| | Security Deposits | 5,654 |
| *(1)* | Total Other Current Assets | 59,939 |

**TOTAL ASSETS**      **4,496,871**

**LIABILITES & CAPITAL**

  **Current Liabilities**

| | |
|---|---:|
| Accounts Payable | 2,920,906 |
| Payroll Liabilities | 1,308 |
| Total Current Liabilities | 2,922,214 |

**Total Liabilities**      2,922,214

  **Capital**

| | |
|---|---:|
| Unrestricted Net Assets | 1,006,482 |
| Board Restricted Net Assets | 94,150 |
| Current Period Earnings | 474,025 |
| **Total Capital** | 1,574,657 |

**TOTAL LIABILITIES & CAPITAL**      **4,496,871**

*(1) Other Current Assets do not include any assets due from Aliera Companies and their affiliates.*

*Draft Unaudited Internal Financials;*
*Subject to Review and Material Revision*

### Sharity Ministries
### STATEMENT OF CASH FLOWS
### For the period ending May 31, 2021

| | | |
|---|---:|---:|
| Net Income | | 474,025 |
| | | |
| Add (deduct) noncash effects on operating Income | | |
| Change in Prepaid, Deposits and Retainers | (19,693) | |
| Change in Accounts Payable | 2,468,024 | |
| Change in PR Taxes payable | (4,234) | |
| Change in Other Current Assets | 166,596 | 2,610,693 |
| | | |
| Net Cash Provided from Operating Activities | | 3,084,718 |
| | | |
| Net Increase/(Decrease) in Cash | | 3,084,718 |
| Cash, January 1, 2021 | | 1,352,214 |
| Cash, May 31, 2021 | | 4,436,932 |

S2075 11/12/2020 3:05 PM

| | |
|---|---|
| Form **990** | |

**Return of Organization Exempt From Income Tax**

Under section 501(c), 527, or 4947(a)(1) of the Internal Revenue Code (except private foundations)

(Rev. January 2020)
Department of the Treasury
Internal Revenue Service

▶ Do not enter social security numbers on this form as it may be made public.
▶ Go to *www.irs.gov/Form990* for instructions and the latest information.

OMB No. 1545-0047

**2019**

**Open to Public Inspection**

**A  For the 2019 calendar year, or tax year beginning _____, and ending _____**

| B Check if applicable: | C Name of organization | D Employer identification number |
|---|---|---|
| ☐ Address change | TRINITY HEALTHSHARE, INC. | |
| ☐ Name change | Doing business as | 83-1050344 |
| ☐ Initial return | Number and street (or P.O. box if mail is not delivered to street address)  Room/suite | E Telephone number |
| | 5901 PEACHTREE DUNWOODY RD, #C-160 | 404-400-1852 |
| ☐ Final return/ terminated | City or town, state or province, country, and ZIP or foreign postal code | |
| ☐ Amended return | ATLANTA                    GA 30328 | G Gross receipts $ 92,461,259 |
| ☐ Application pending | F Name and address of principal officer: | |
| | WILLIAM H. THEAD III | H(a) Is this a group return for subordinates? ☐ Yes ☒ No |
| | 5901 PEACHTREE DUNWOODY RD, #C-160 | H(b) Are all subordinates included? ☐ Yes ☐ No |
| | ATLANTA                    GA 30328 | If "No," attach a list. (see instructions) |

| I  Tax-exempt status: | ☒ 501(c)(3) | ☐ 501(c) ( ) ◀ (insert no.) | ☐ 4947(a)(1) or | ☐ 527 |
|---|---|---|---|---|

**J  Website:** ▶ WWW.TRINITYHEALTHSHARE.ORG

H(c) Group exemption number ▶

| K  Form of organization: | ☒ Corporation | ☐ Trust | ☐ Association | ☐ Other ▶ | L Year of formation: 2018 | M State of legal domicile: DE |
|---|---|---|---|---|---|---|

## Part I    Summary

**1** Briefly describe the organization's mission or most significant activities:

THROUGH GOD'S GUIDANCE, BRING TOGETHER PEOPLE OF A COMMON SET OF RELIGIOUS
BELIEFS FOR THE PURPOSE OF VOLUNTARILY SHARING ONE ANOTHER'S MEDICAL
EXPENSE BURDENS AND SO FULFILL THE LAW OF CHRIST.

**2** Check this box ▶ ☐ if the organization discontinued its operations or disposed of more than 25% of its net assets.

| | | | |
|---|---|---|---|
| **3** Number of voting members of the governing body (Part VI, line 1a) | | **3** | 3 |
| **4** Number of independent voting members of the governing body (Part VI, line 1b) | | **4** | 1 |
| **5** Total number of individuals employed in calendar year 2019 (Part V, line 2a) | | **5** | 2 |
| **6** Total number of volunteers (estimate if necessary) | | **6** | 0 |
| **7a** Total unrelated business revenue from Part VIII, column (C), line 12 | | **7a** | 0 |
| **b** Net unrelated business taxable income from Form 990-T, line 39 | | **7b** | 0 |

| | | Prior Year | Current Year |
|---|---|---|---|
| **8** Contributions and grants (Part VIII, line 1h) | | | 0 |
| **9** Program service revenue (Part VIII, line 2g) | | 8,231,106 | 92,461,259 |
| **10** Investment income (Part VIII, column (A), lines 3, 4, and 7d) | | | 0 |
| **11** Other revenue (Part VIII, column (A), lines 5, 6d, 8c, 9c, 10c, and 11e) | | | 0 |
| **12** Total revenue – add lines 8 through 11 (must equal Part VIII, column (A), line 12) | | 8,231,106 | 92,461,259 |
| **13** Grants and similar amounts paid (Part IX, column (A), lines 1–3) | | 67,000 | 97,000 |
| **14** Benefits paid to or for members (Part IX, column (A), line 4) | | | 54,880,109 |
| **15** Salaries, other compensation, employee benefits (Part IX, column (A), lines 5–10) | | 57,155 | 228,795 |
| **16a** Professional fundraising fees (Part IX, column (A), line 11e) | | | 0 |
| **b** Total fundraising expenses (Part IX, column (D), line 25) ▶ 0 | | | |
| **17** Other expenses (Part IX, column (A), lines 11a–11d, 11f–24e) | | 8,954,281 | 38,167,072 |
| **18** Total expenses. Add lines 13–17 (must equal Part IX, column (A), line 25) | | 9,078,436 | 93,372,976 |
| **19** Revenue less expenses. Subtract line 18 from line 12 | | -847,330 | -911,717 |

| | | Beginning of Current Year | End of Year |
|---|---|---|---|
| **20** Total assets (Part X, line 16) | | 7,690,460 | 3,162,124 |
| **21** Total liabilities (Part X, line 26) | | 8,537,790 | 1,048,823 |
| **22** Net assets or fund balances. Subtract line 21 from line 20 | | -847,330 | 2,113,301 |

## Part II    Signature Block

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than officer) is based on all information of which preparer has any knowledge.

| | | | |
|---|---|---|---|
| **Sign Here** | ▶ Signature of officer | | Date |
| | ▶ WILLIAM H. THEAD III              CHAIRMAN, DIRECTOR | | |
| | Type or print name and title | | |

| **Paid Preparer Use Only** | Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|---|
| | JEFF FORRESTALL | | 11/12/20 | | |
| | Firm's name ▶ FORRESTALL CPAS, LLC | | | Firm's EIN ▶ | |
| | 5328 LANIER ISLANDS PKWY STE 201 | | | | |
| | Firm's address ▶ BUFORD, GA  30518-9056 | | | Phone no. 770-945-8328 | |

May the IRS discuss this return with the preparer shown above? (see instructions) .......... ☒ Yes  ☐ No

For Paperwork Reduction Act Notice, see the separate instructions.

DAA

Form **990** (2019)

S2075 11/12/2020 3:05 PM

Form 990 (2019)  TRINITY HEALTHSHARE, INC.                          83-1050344                          Page **2**

**Part III**    **Statement of Program Service Accomplishments**

Check if Schedule O contains a response or note to any line in this Part III ........................................ ☐

1  Briefly describe the organization's mission:

THROUGH GOD'S GUIDANCE, BRING TOGETHER PEOPLE OF A COMMON SET OF RELIGIOUS
BELIEFS FOR THE PURPOSE OF VOLUNTARILY SHARING ONE ANOTHER'S MEDICAL
EXPENSE BURDENS AND SO FULFILL THE LAW OF CHRIST.

2  Did the organization undertake any significant program services during the year which were not listed on the

prior Form 990 or 990-EZ? ....................................................................................................... ☐ Yes ☒ No

If "Yes," describe these new services on Schedule O.

3  Did the organization cease conducting, or make significant changes in how it conducts, any program

services? ...................................................................................................................................... ☐ Yes ☒ No

If "Yes," describe these changes on Schedule O.

4  Describe the organization's program service accomplishments for each of its three largest program services, as measured by
expenses. Section 501(c)(3) and 501(c)(4) organizations are required to report the amount of grants and allocations to others,
the total expenses, and revenue, if any, for each program service reported.

**4a** (Code: ............ ) (Expenses $      90,935,199   including grants of $        97,000   ) (Revenue $                    )

AS A 501(C)(3) NONPROFIT CHARITABLE ORGANIZATION, TRINITY HEALTHSHARE,
INC., ("ORGANIZATION") BROUGHT TOGETHER THOUSANDS OF PEOPLE WHO SHARE A
COMMON SET OF BELIEFS FOR THE PURPOSE OF SHARING ONE ANOTHER'S MEDICAL
EXPENSE BURDENS. THE ORGANIZATION UPHOLDS THE BIBLICAL COMMAND STATED IN
GALATIANS 6:2 TO "BEAR ONE OTHER'S BURDENS, AND SO FULFILL THE LAW OF
CHRIST." IN 2019, THE ORGANIZATION FACILITATED THE VOLUNTARY SHARING OF
$43,861,190 IN MONTHLY FINANCIAL GIFTS AMONG ITS 35,782 MEMBER
HOUSEHOLDS TO PAY FOR 176,280 MEDICAL SHARING REQUESTS. ADDITIONALLY,
THE ORGANIZATION DONATED $97,000 TO OTHER NONPROFIT CHARITABLE
ORGANIZATIONS IN THE U.S.

**4b** (Code: ............ ) (Expenses $          including grants of $        ) (Revenue $                    )

N/A

**4c** (Code: ............ ) (Expenses $          including grants of $        ) (Revenue $                    )

N/A

**4d** Other program services (Describe on Schedule O.)

(Expenses $            including grants of $           ) (Revenue $            )

**4e** Total program service expenses ▶       90,935,199

DAA                                                                                                    Form **990** (2019)

S2075 11/12/2020 3:05 PM

Form 990 (2019) TRINITY HEALTHSHARE, INC.                              83-1050344                    Page **3**

| Part IV | Checklist of Required Schedules | | | |
|---|---|---|---|---|
| | | | Yes | No |
| 1 | Is the organization described in section 501(c)(3) or 4947(a)(1) (other than a private foundation)? If "Yes," complete Schedule A | **1** | X | |
| 2 | Is the organization required to complete Schedule B, Schedule of Contributors (see instructions)? | **2** | | X |
| 3 | Did the organization engage in direct or indirect political campaign activities on behalf of or in opposition to candidates for public office? If "Yes," complete Schedule C, Part I | **3** | | X |
| 4 | **Section 501(c)(3) organizations.** Did the organization engage in lobbying activities, or have a section 501(h) election in effect during the tax year? If "Yes," complete Schedule C, Part II | **4** | | X |
| 5 | Is the organization a section 501(c)(4), 501(c)(5), or 501(c)(6) organization that receives membership dues, assessments, or similar amounts as defined in Revenue Procedure 98-19? If "Yes," complete Schedule C, Part III | **5** | | X |
| 6 | Did the organization maintain any donor advised funds or any similar funds or accounts for which donors have the right to provide advice on the distribution or investment of amounts in such funds or accounts? If "Yes," complete Schedule D, Part I | **6** | | X |
| 7 | Did the organization receive or hold a conservation easement, including easements to preserve open space, the environment, historic land areas, or historic structures? If "Yes," complete Schedule D, Part II | **7** | | X |
| 8 | Did the organization maintain collections of works of art, historical treasures, or other similar assets? If "Yes," complete Schedule D, Part III | **8** | | X |
| 9 | Did the organization report an amount in Part X, line 21, for escrow or custodial account liability, serve as a custodian for amounts not listed in Part X; or provide credit counseling, debt management, credit repair, or debt negotiation services? If "Yes," complete Schedule D, Part IV | **9** | | X |
| 10 | Did the organization, directly or through a related organization, hold assets in donor-restricted endowments or in quasi endowments? If "Yes," complete Schedule D, Part V | **10** | | X |
| 11 | If the organization's answer to any of the following questions is "Yes," then complete Schedule D, Parts VI, VII, VIII, IX, or X as applicable. | | | |
| a | Did the organization report an amount for land, buildings, and equipment in Part X, line 10? If "Yes," complete Schedule D, Part VI | **11a** | | X |
| b | Did the organization report an amount for investments—other securities in Part X, line 12, that is 5% or more of its total assets reported in Part X, line 16? If "Yes," complete Schedule D, Part VII | **11b** | | X |
| c | Did the organization report an amount for investments—program related in Part X, line 13, that is 5% or more of its total assets reported in Part X, line 16? If "Yes," complete Schedule D, Part VIII | **11c** | | X |
| d | Did the organization report an amount for other assets in Part X, line 15, that is 5% or more of its total assets reported in Part X, line 16? If "Yes," complete Schedule D, Part IX | **11d** | | X |
| e | Did the organization report an amount for other liabilities in Part X, line 25? If "Yes," complete Schedule D, Part X | **11e** | | X |
| f | Did the organization's separate or consolidated financial statements for the tax year include a footnote that addresses the organization's liability for uncertain tax positions under FIN 48 (ASC 740)? If "Yes," complete Schedule D, Part X | **11f** | | X |
| 12a | Did the organization obtain separate, independent audited financial statements for the tax year? If "Yes," complete Schedule D, Parts XI and XII | **12a** | | X |
| b | Was the organization included in consolidated, independent audited financial statements for the tax year? If "Yes," and if the organization answered "No" to line 12a, then completing Schedule D, Parts XI and XII is optional | **12b** | | X |
| 13 | Is the organization a school described in section 170(b)(1)(A)(ii)? If "Yes," complete Schedule E | **13** | | X |
| 14a | Did the organization maintain an office, employees, or agents outside of the United States? | **14a** | | X |
| b | Did the organization have aggregate revenues or expenses of more than $10,000 from grantmaking, fundraising, business, investment, and program service activities outside the United States, or aggregate foreign investments valued at $100,000 or more? If "Yes," complete Schedule F, Parts I and IV | **14b** | | X |
| 15 | Did the organization report on Part IX, column (A), line 3, more than $5,000 of grants or other assistance to or for any foreign organization? If "Yes," complete Schedule F, Parts II and IV | **15** | | X |
| 16 | Did the organization report on Part IX, column (A), line 3, more than $5,000 of aggregate grants or other assistance to or for foreign individuals? If "Yes," complete Schedule F, Parts III and IV | **16** | | X |
| 17 | Did the organization report a total of more than $15,000 of expenses for professional fundraising services on Part IX, column (A), lines 6 and 11e? If "Yes," complete Schedule G, Part I (see instructions) | **17** | | X |
| 18 | Did the organization report more than $15,000 total of fundraising event gross income and contributions on Part VIII, lines 1c and 8a? If "Yes," complete Schedule G, Part II | **18** | | X |
| 19 | Did the organization report more than $15,000 of gross income from gaming activities on Part VIII, line 9a? If "Yes," complete Schedule G, Part III | **19** | | X |
| 20a | Did the organization operate one or more hospital facilities? If "Yes," complete Schedule H | **20a** | | X |
| b | If "Yes" to line 20a, did the organization attach a copy of its audited financial statements to this return? | **20b** | | |
| 21 | Did the organization report more than $5,000 of grants or other assistance to any domestic organization or domestic government on Part IX, column (A), line 1? If "Yes," complete Schedule I, Parts I and II | **21** | X | |

DAA                                                                                              Form **990** (2019)

S2075 11/12/2020 3:05 PM

Form 990 (2019)  **TRINITY HEALTHSHARE, INC.**  83-1050344  Page **4**

**Part IV**   **Checklist of Required Schedules** *(continued)*

|  |  | Yes | No |
|---|---|---|---|
| **22** | Did the organization report more than $5,000 of grants or other assistance to or for domestic individuals on Part IX, column (A), line 2? *If "Yes," complete Schedule I, Parts I and III* ......................... **22** |  | X |
| **23** | Did the organization answer "Yes" to Part VII, Section A, line 3, 4, or 5 about compensation of the organization's current and former officers, directors, trustees, key employees, and highest compensated employees? *If "Yes," complete Schedule J* ......................... **23** |  | X |
| **24a** | Did the organization have a tax-exempt bond issue with an outstanding principal amount of more than $100,000 as of the last day of the year, that was issued after December 31, 2002? *If "Yes," answer lines 24b through 24d and complete Schedule K. If "No," go to line 25a* ......................... **24a** |  | X |
| **b** | Did the organization invest any proceeds of tax-exempt bonds beyond a temporary period exception? ......................... **24b** |  |  |
| **c** | Did the organization maintain an escrow account other than a refunding escrow at any time during the year to defease any tax-exempt bonds? ......................... **24c** |  |  |
| **d** | Did the organization act as an "on behalf of" issuer for bonds outstanding at any time during the year? ......................... **24d** |  |  |
| **25a** | **Section 501(c)(3), 501(c)(4), and 501(c)(29) organizations.** Did the organization engage in an excess benefit transaction with a disqualified person during the year? *If "Yes," complete Schedule L, Part I* ......................... **25a** |  | X |
| **b** | Is the organization aware that it engaged in an excess benefit transaction with a disqualified person in a prior year, and that the transaction has not been reported on any of the organization's prior Forms 990 or 990-EZ? *If "Yes," complete Schedule L, Part I* ......................... **25b** |  | X |
| **26** | Did the organization report any amount on Part X, line 5 or 22, for receivables from or payables to any current or former officer, director, trustee, key employee, creator or founder, substantial contributor, or 35% controlled entity or family member of any of these persons? *If "Yes," complete Schedule L, Part II* ......................... **26** |  | X |
| **27** | Did the organization provide a grant or other assistance to any current or former officer, director, trustee, key employee, creator or founder, substantial contributor or employee thereof, a grant selection committee member, or to a 35% controlled entity (including an employee thereof) or family member of any of these persons? *If "Yes," complete Schedule L, Part III* ......................... **27** |  | X |
| **28** | Was the organization a party to a business transaction with one of the following parties (see Schedule L, Part IV instructions, for applicable filing thresholds, conditions, and exceptions): |  |  |
| **a** | A current or former officer, director, trustee, key employee, creator or founder, or substantial contributor? *If "Yes," complete Schedule L, Part IV* ......................... **28a** |  | X |
| **b** | A family member of any individual described in line 28a? *If "Yes," complete Schedule L, Part IV* ......................... **28b** |  | X |
| **c** | A 35% controlled entity of one or more individuals and/or organizations described in lines 28a or 28b? *If "Yes," complete Schedule L, Part IV* ......................... **28c** |  | X |
| **29** | Did the organization receive more than $25,000 in non-cash contributions? *If "Yes," complete Schedule M* ......................... **29** |  | X |
| **30** | Did the organization receive contributions of art, historical treasures, or other similar assets, or qualified conservation contributions? *If "Yes," complete Schedule M* ......................... **30** |  | X |
| **31** | Did the organization liquidate, terminate, or dissolve and cease operations? *If "Yes," complete Schedule N, Part I* ......................... **31** |  | X |
| **32** | Did the organization sell, exchange, dispose of, or transfer more than 25% of its net assets? *If "Yes," complete Schedule N, Part II* ......................... **32** |  | X |
| **33** | Did the organization own 100% of an entity disregarded as separate from the organization under Regulations sections 301.7701-2 and 301.7701-3? *If "Yes," complete Schedule R, Part I* ......................... **33** |  | X |
| **34** | Was the organization related to any tax-exempt or taxable entity? *If "Yes," complete Schedule R, Part II, III, or IV, and Part V, line 1* ......................... **34** |  | X |
| **35a** | Did the organization have a controlled entity within the meaning of section 512(b)(13)? ......................... **35a** |  | X |
| **b** | If "Yes" to line 35a, did the organization receive any payment from or engage in any transaction with a controlled entity within the meaning of section 512(b)(13)? *If "Yes," complete Schedule R, Part V, line 2* ......................... **35b** |  |  |
| **36** | **Section 501(c)(3) organizations.** Did the organization make any transfers to an exempt non-charitable related organization? *If "Yes," complete Schedule R, Part V, line 2* ......................... **36** |  | X |
| **37** | Did the organization conduct more than 5% of its activities through an entity that is not a related organization and that is treated as a partnership for federal income tax purposes? *If "Yes," complete Schedule R, Part VI* ......................... **37** |  | X |
| **38** | Did the organization complete Schedule O and provide explanations in Schedule O for Part VI, lines 11b and 19? **Note:** All Form 990 filers are required to complete Schedule O. ......................... **38** | X |  |

**Part V**   **Statements Regarding Other IRS Filings and Tax Compliance**

Check if Schedule O contains a response or note to any line in this Part V ......................... ☐

|  |  |  | Yes | No |
|---|---|---|---|---|
| **1a** | Enter the number reported in Box 3 of Form 1096. Enter -0- if not applicable | **1a** 0 |  |  |
| **b** | Enter the number of Forms W-2G included in line 1a. Enter -0- if not applicable | **1b** 0 |  |  |
| **c** | Did the organization comply with backup withholding rules for reportable payments to vendors and reportable gaming (gambling) winnings to prize winners? | **1c** |  |  |

DAA

Form **990** (2019)

S2075 11/12/2020 3:05 PM

Form 990 (2019)  **TRINITY HEALTHSHARE, INC.**                    83-1050344                    Page **5**

| Part V | Statements Regarding Other IRS Filings and Tax Compliance *(continued)* | | | | |
|---|---|---|---|---|---|
| | | | | Yes | No |
| **2a** | Enter the number of employees reported on Form W-3, Transmittal of Wage and Tax | | | | |
| | Statements, filed for the calendar year ending with or within the year covered by this return ........ | **2a** | **2** | | |
| **b** | If at least one is reported on line 2a, did the organization file all required federal employment tax returns? | | **2b** | **X** | |
| | **Note:** If the sum of lines 1a and 2a is greater than 250, you may be required to *e-file* (see  instructions) | | | | |
| **3a** | Did the organization have unrelated business gross income of $1,000 or more during the year? | | **3a** | | **X** |
| **b** | If "Yes," has it filed a Form 990-T for this year? *If "No" to line 3b, provide an explanation on Schedule O* | | **3b** | | |
| **4a** | At any time during the calendar year, did the organization have an interest in, or a signature or other authority over, | | | | |
| | a financial account in a foreign country (such as a bank account, securities account, or other financial account)? | | **4a** | | **X** |
| **b** | If "Yes," enter the name of the foreign country ▶ | | | | |
| | See instructions for filing requirements for FinCEN Form 114, Report of Foreign Bank and Financial Accounts (FBAR). | | | | |
| **5a** | Was the organization a party to a prohibited tax shelter transaction at any time during the tax year? | | **5a** | | **X** |
| **b** | Did any taxable party notify the organization that it was or is a party to a prohibited tax shelter transaction? | | **5b** | | **X** |
| **c** | If "Yes" to line 5a or 5b, did the organization file Form 8886-T? | | **5c** | | |
| **6a** | Does the organization have annual gross receipts that are normally greater than $100,000, and did the | | | | |
| | organization solicit any contributions that were not tax deductible as charitable contributions? | | **6a** | | **X** |
| **b** | If "Yes," did the organization include with every solicitation an express statement that such contributions or | | | | |
| | gifts were not tax deductible? | | **6b** | | |
| **7** | **Organizations that may receive deductible contributions under section 170(c).** | | | | |
| **a** | Did the organization receive a payment in excess of $75 made partly as a contribution and partly for goods | | | | |
| | and services provided to the payor? | | **7a** | | **X** |
| **b** | If "Yes," did the organization notify the donor of the value of the goods or services provided? | | **7b** | | |
| **c** | Did the organization sell, exchange, or otherwise dispose of tangible personal property for which it was | | | | |
| | required to file Form 8282? | | **7c** | | **X** |
| **d** | If "Yes," indicate the number of Forms 8282 filed during the year | **7d** | | | |
| **e** | Did the organization receive any funds, directly or indirectly, to pay premiums on a personal benefit contract? | | **7e** | | **X** |
| **f** | Did the organization, during the year, pay premiums, directly or indirectly, on a personal benefit contract? | | **7f** | | **X** |
| **g** | If the organization received a contribution of qualified intellectual property, did the organization file Form 8899 as required? | | **7g** | | **X** |
| **h** | If the organization received a contribution of cars, boats, airplanes, or other vehicles, did the organization file a Form 1098-C? | | **7h** | | **X** |
| **8** | **Sponsoring organizations maintaining donor advised funds.** Did a donor advised fund maintained by the | | | | |
| | sponsoring organization have excess business holdings at any time during the year? | | **8** | | |
| **9** | **Sponsoring organizations maintaining donor advised funds.** | | | | |
| **a** | Did the organization make any taxable distributions under section 4966? | | **9a** | | |
| **b** | Did the sponsoring organization make a distribution to a donor, donor advisor, or related person? | | **9b** | | |
| **10** | **Section 501(c)(7) organizations.** Enter: | | | | |
| **a** | Initiation fees and capital contributions included on Part VIII, line 12 | **10a** | | | |
| **b** | Gross receipts, included on Form 990, Part VIII, line 12, for public use of club facilities | **10b** | | | |
| **11** | **Section 501(c)(12) organizations.** Enter: | | | | |
| **a** | Gross income from members or shareholders | **11a** | | | |
| **b** | Gross income from other sources (Do not net amounts due or paid to other sources | | | | |
| | against amounts due or received from them.) | **11b** | | | |
| **12a** | **Section 4947(a)(1) non-exempt charitable trusts.** Is the organization filing Form 990 in lieu of Form 1041? | | **12a** | | |
| **b** | If "Yes," enter the amount of tax-exempt interest received or accrued during the year | **12b** | | | |
| **13** | **Section 501(c)(29) qualified nonprofit health insurance issuers.** | | | | |
| **a** | Is the organization licensed to issue qualified health plans in more than one state? | | **13a** | | |
| | **Note:** See the instructions for additional information the organization must report on Schedule O. | | | | |
| **b** | Enter the amount of reserves the organization is required to maintain by the states in which | | | | |
| | the organization is licensed to issue qualified health plans | **13b** | | | |
| **c** | Enter the amount of reserves on hand | **13c** | | | |
| **14a** | Did the organization receive any payments for indoor tanning services during the tax year? | | **14a** | | **X** |
| **b** | If "Yes," has it filed a Form 720 to report these payments? *If "No," provide an explanation on Schedule O* | | **14b** | | |
| **15** | Is the organization subject to the section 4960 tax on payment(s) of more than $1,000,000 in remuneration or | | | | |
| | excess parachute payment(s) during the year? | | **15** | | **X** |
| | If "Yes," see instructions and file Form 4720, Schedule N. | | | | |
| **16** | Is the organization an educational institution subject to the section 4968 excise tax on net investment income? | | **16** | | **X** |
| | If "Yes," complete Form 4720, Schedule O. | | | | |

Form **990** (2019)

DAA

S2075 11/12/2020 3:05 PM

Form 990 (2019)  **TRINITY HEALTHSHARE, INC.**                    83-1050344                    Page **6**

**Part VI** | **Governance, Management, and Disclosure** *For each "Yes" response to lines 2 through 7b below, and for a "No" response to line 8a, 8b, or 10b below, describe the circumstances, processes, or changes on Schedule O. See instructions.*

Check if Schedule O contains a response or note to any line in this Part VI ............................................................ [X]

### Section A. Governing Body and Management

|  |  |  | Yes | No |
|---|---|---|---|---|
| **1a** Enter the number of voting members of the governing body at the end of the tax year .................. **1a** **3** | | | | |
| If there are material differences in voting rights among members of the governing body, or | | | | |
| if the governing body delegated broad authority to an executive committee or similar | | | | |
| committee, explain on Schedule O. | | | | |
| **b** Enter the number of voting members included on line 1a, above, who are independent .............. **1b** **1** | | | | |
| **2** Did any officer, director, trustee, or key employee have a family relationship or a business relationship with | | | | |
| any other officer, director, trustee, or key employee? .......................................................................... | | **2** | X | |
| **3** Did the organization delegate control over management duties customarily performed by or under the direct | | | | |
| supervision of officers, directors, trustees, or key employees to a management company or other person? ............ | | **3** | X | |
| **4** Did the organization make any significant changes to its governing documents since the prior Form 990 was filed? ......... | | **4** | X | |
| **5** Did the organization become aware during the year of a significant diversion of the organization's assets? ........... | | **5** | | X |
| **6** Did the organization have members or stockholders? ............................................................................ | | **6** | | X |
| **7a** Did the organization have members, stockholders, or other persons who had the power to elect or appoint | | | | |
| one or more members of the governing body? ...................................................................................... | | **7a** | | X |
| **b** Are any governance decisions of the organization reserved to (or subject to approval by) members, | | | | |
| stockholders, or persons other than the governing body? ...................................................................... | | **7b** | | X |
| **8** Did the organization contemporaneously document the meetings held or written actions undertaken during the year by the following: | | | | |
| **a** The governing body? ...................................................................................................................... | | **8a** | X | |
| **b** Each committee with authority to act on behalf of the governing body? .................................................... | | **8b** | | X |
| **9** Is there any officer, director, trustee, or key employee listed in Part VII, Section A, who cannot be reached at | | | | |
| the organization's mailing address? *If "Yes," provide the names and addresses on Schedule O* ........................... | | **9** | | X |

### Section B. Policies *(This Section B requests information about policies not required by the Internal Revenue Code.)*

|  |  |  | Yes | No |
|---|---|---|---|---|
| **10a** Did the organization have local chapters, branches, or affiliates? ........................................................ | | **10a** | | X |
| **b** If "Yes," did the organization have written policies and procedures governing the activities of such chapters, | | | | |
| affiliates, and branches to ensure their operations are consistent with the organization's exempt purposes? ......... | | **10b** | | |
| **11a** Has the organization provided a complete copy of this Form 990 to all members of its governing body before filing the form? ...... | | **11a** | X | |
| **b** Describe in Schedule O the process, if any, used by the organization to review this Form 990. | | | | |
| **12a** Did the organization have a conflict of interest policy? *If "No," go to line 13* ......................................... | | **12a** | X | |
| **b** Were officers, directors, or trustees, and key employees required to disclose annually interests that could give rise to conflicts? ..... | | **12b** | X | |
| **c** Did the organization regularly and consistently monitor and enforce compliance with the policy? *If "Yes,"* | | | | |
| *describe in Schedule O how this was done* ............................................................................................ | | **12c** | X | |
| **13** Did the organization have a written whistleblower policy? ...................................................................... | | **13** | | X |
| **14** Did the organization have a written document retention and destruction policy? ......................................... | | **14** | | X |
| **15** Did the process for determining compensation of the following persons include a review and approval by | | | | |
| independent persons, comparability data, and contemporaneous substantiation of the deliberation and decision? | | | | |
| **a** The organization's CEO, Executive Director, or top management official .................................................... | | **15a** | X | |
| **b** Other officers or key employees of the organization .............................................................................. | | **15b** | | X |
| If "Yes" to line 15a or 15b, describe the process in Schedule O (see instructions). | | | | |
| **16a** Did the organization invest in, contribute assets to, or participate in a joint venture or similar arrangement | | | | |
| with a taxable entity during the year? ............................................................................................... | | **16a** | | X |
| **b** If "Yes," did the organization follow a written policy or procedure requiring the organization to evaluate its | | | | |
| participation in joint venture arrangements under applicable federal tax law, and take steps to safeguard the | | | | |
| organization's exempt status with respect to such arrangements? ........................................................... | | **16b** | | |

### Section C. Disclosure

**17** List the states with which a copy of this Form 990 is required to be filed ▶ **CA,OR**

**18** Section 6104 requires an organization to make its Forms 1023 (1024 or 1024-A, if applicable), 990, and 990-T (Section 501(c)

(3)s only) available for public inspection. Indicate how you made these available. Check all that apply.

☐ Own website    ☐ Another's website    [X] Upon request    ☐ Other *(explain on Schedule O)*

**19** Describe on Schedule O whether (and if so, how) the organization made its governing documents, conflict of interest policy, and

financial statements available to the public during the tax year.

**20** State the name, address, and telephone number of the person who possesses the organization's books and records ▶

WILLIAM H. THEAD III          5901 PEACHTREE DUNWOODY RD, #C-160

ATLANTA                              GA 30328          404-400-1852

DAA                                                                                    Form **990** (2019)

S2075 11/12/2020 3:05 PM

Form 990 (2019) **TRINITY HEALTHSHARE, INC.**                                **83-1050344**                                Page **7**

**Part VII**    **Compensation of Officers, Directors, Trustees, Key Employees, Highest Compensated Employees, and Independent Contractors**

Check if Schedule O contains a response or note to any line in this Part VII ............................................. ☒

**Section A.**    **Officers, Directors, Trustees, Key Employees, and Highest Compensated Employees**

**1a** Complete this table for all persons required to be listed. Report compensation for the calendar year ending with or within the organization's tax year.

- List all of the organization's **current** officers, directors, trustees (whether individuals or organizations), regardless of amount of compensation. Enter -0- in columns (D), (E), and (F) if no compensation was paid.

- List all of the organization's **current** key employees, if any. See instructions for definition of "key employee."

- List the organization's five **current** highest compensated employees (other than an officer, director, trustee, or key employee) who received reportable compensation (Box 5 of Form W-2 and/or Box 7 of Form 1099-MISC) of more than $100,000 from the organization and any related organizations.

- List all of the organization's **former** officers, key employees, and highest compensated employees who received more than $100,000 of reportable compensation from the organization and any related organizations.

- List all of the organization's **former directors or trustees** that received, in the capacity as a former director or trustee of the organization, more than $10,000 of reportable compensation from the organization and any related organizations.

See instructions for the order in which to list the persons above.

☐  Check this box if neither the organization nor any related organization compensated any current officer, director, or trustee.

| (A)<br>Name and title | (B)<br>Average hours per week (list any hours for related organizations below dotted line) | (C)<br>Position (do not check more than one box, unless person is both an officer and a director/trustee) | | | | | | (D)<br>Reportable compensation from the organization (W-2/1099-MISC) | (E)<br>Reportable compensation from related organizations (W-2/1099-MISC) | (F)<br>Estimated amount of other compensation from the organization and related organizations |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Individual trustee or director | Institutional trustee | Officer | Key employee | Highest compensated employee | Former | | | |
| **(1) WILLIAM H. THEAD III**<br>CHAIRMAN, DIRECTOR | 50.00<br>0.00 | X | | X | | | | 135,000 | 0 | 0 |
| **(2) A. JOSEPH GUARINO III**<br>PRESIDENT, DIRECTOR | 45.00<br>0.00 | X | | X | | | | 77,692 | 0 | 0 |
| **(3) J. CHRISTOPHER SIZEMORE**<br>SECRETARY, DIRECTOR | 2.00<br>0.00 | X | | X | | | | 4,500 | 0 | 0 |
| **(4) DAVID R. THEAD**<br>SECRETARY, TREASURER | 0.10<br>0.00 | X | | X | | | X | 0 | 0 | 0 |
| **(5)** | | | | | | | | | | |
| **(6)** | | | | | | | | | | |
| **(7)** | | | | | | | | | | |
| **(8)** | | | | | | | | | | |
| **(9)** | | | | | | | | | | |
| **(10)** | | | | | | | | | | |
| **(11)** | | | | | | | | | | |

Form **990** (2019)

DAA

S2075 11/12/2020 3:05 PM

Form 990 (2019)  TRINITY HEALTHSHARE, INC.                    83-1050344                    Page **8**

**Part VII**    Section A. Officers, Directors, Trustees, Key Employees, and Highest Compensated Employees *(continued)*

| (A)<br>Name and title | (B)<br>Average hours per week (list any hours for related organizations below dotted line) | (C)<br>Position (do not check more than one box, unless person is both an officer and a director/trustee) | | | | | | (D)<br>Reportable compensation from the organization (W-2/1099-MISC) | (E)<br>Reportable compensation from related organizations (W-2/1099-MISC) | (F)<br>Estimated amount of other compensation from the organization and related organizations |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Individual trustee or director | Institutional trustee | Officer | Key employee | Highest compensated employee | Former | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **1b** Subtotal ▶ | | | | | | | | 217,192 | | |
| **c** Total from continuation sheets to Part VII, Section A ▶ | | | | | | | | | | |
| **d** Total (add lines 1b and 1c) ▶ | | | | | | | | 217,192 | | |

**2** Total number of individuals (including but not limited to those listed above) who received more than $100,000 of reportable compensation from the organization ▶ **1**

| | | Yes | No |
|---|---|---|---|
| **3** Did the organization list any **former** officer, director, trustee, key employee, or highest compensated employee on line 1a? *If "Yes," complete Schedule J for such individual* | **3** | | X |
| **4** For any individual listed on line 1a, is the sum of reportable compensation and other compensation from the organization and related organizations greater than $150,000? *If "Yes," complete Schedule J for such individual* | **4** | | X |
| **5** Did any person listed on line 1a receive or accrue compensation from any unrelated organization or individual for services rendered to the organization? *If "Yes," complete Schedule J for such person* | **5** | | X |

**Section B. Independent Contractors**

**1** Complete this table for your five highest compensated independent contractors that received more than $100,000 of compensation from the organization. Report compensation for the calendar year ending with or within the organization's tax year.

| (A)<br>Name and business address | (B)<br>Description of services | (C)<br>Compensation |
|---|---|---|
| ALIERA HEALTHCARE, INC.                990 HAMMOND DRIVE, STE 700<br>ATLANTA              GA 30328   MANAGEMENT | | 32,138,105 |
| BAKER & HOSTETLER LLP                1170 PEACHTREE STREET STE 2400<br>ATLANTA              GA 30309   LEGAL SERVICES | | 1,824,784 |
| | | |
| | | |
| | | |

**2** Total number of independent contractors (including but not limited to those listed above) who received more than $100,000 of compensation from the organization ▶            2

DAA                                                                                      Form **990** (2019)

S2075 11/12/2020 3:05 PM

Form 990 (2019)  TRINITY HEALTHSHARE, INC.                    83-1050344                    Page **9**

| Part VIII | Statement of Revenue | |
|---|---|---|

Check if Schedule O contains a response or note to any line in this Part VIII .................................. ☐

| | | | | **(A)** Total revenue | **(B)** Related or exempt function revenue | **(C)** Unrelated business revenue | **(D)** Revenue excluded from tax under sections 512-514 |
|---|---|---|---|---|---|---|---|
| **Contributions, Gifts, Grants and Other Similar Amounts** | **1a** Federated campaigns | **1a** | | | | | |
| | **b** Membership dues | **1b** | | | | | |
| | **c** Fundraising events | **1c** | | | | | |
| | **d** Related organizations | **1d** | | | | | |
| | **e** Government grants (contributions) | **1e** | | | | | |
| | **f** All other contributions, gifts, grants, and similar amounts not included above | **1f** | | | | | |
| | **g** Noncash contributions included in lines 1a-1f | **1g** $ | | | | | |
| | **h** Total. Add lines 1a–1f ........................... ▶ | | | | | | |
| **Program Service Revenue** | | | Business Code | | | | |
| | **2a** MEMBERSHARE CONTRIBUTIONS | | 524298 | 91,756,409 | 91,756,409 | | |
| | **b** MEMBERSHIP APPLICATION | | 524298 | 704,850 | 704,850 | | |
| | **c** | | | | | | |
| | **d** | | | | | | |
| | **e** | | | | | | |
| | **f** All other program service revenue | | | | | | |
| | **g** Total. Add lines 2a–2f ........................... ▶ | | | 92,461,259 | | | |
| **Other Revenue** | **3** Investment income (including dividends, interest, and other similar amounts) ........................... ▶ | | | | | | |
| | **4** Income from investment of tax-exempt bond proceeds ▶ | | | | | | |
| | **5** Royalties ........................... ▶ | | | | | | |
| | | | (i) Real | (ii) Personal | | | |
| | **6a** Gross rents | **6a** | | | | | |
| | **b** Less: rental expenses | **6b** | | | | | |
| | **c** Rental inc. or (loss) | **6c** | | | | | |
| | **d** Net rental income or (loss) ........................... ▶ | | | | | | |
| | **7a** Gross amount from sales of assets other than inventory | **7a** | (i) Securities | (ii) Other | | | |
| | **b** Less: cost or other basis and sales exps. | **7b** | | | | | |
| | **c** Gain or (loss) | **7c** | | | | | |
| | **d** Net gain or (loss) ........................... ▶ | | | | | | |
| | **8a** Gross income from fundraising events (not including $ ......... of contributions reported on line 1c). See Part IV, line 18 | **8a** | | | | | |
| | **b** Less: direct expenses | **8b** | | | | | |
| | **c** Net income or (loss) from fundraising events ........ ▶ | | | | | | |
| | **9a** Gross income from gaming activities. See Part IV, line 19 | **9a** | | | | | |
| | **b** Less: direct expenses | **9b** | | | | | |
| | **c** Net income or (loss) from gaming activities ........ ▶ | | | | | | |
| | **10a** Gross sales of inventory, less returns and allowances | **10a** | | | | | |
| | **b** Less: cost of goods sold | **10b** | | | | | |
| | **c** Net income or (loss) from sales of inventory ........ ▶ | | | | | | |
| **Miscellaneous Revenue** | | | Business Code | | | | |
| | **11a** | | | | | | |
| | **b** | | | | | | |
| | **c** | | | | | | |
| | **d** All other revenue | | | | | | |
| | **e** Total. Add lines 11a–11d ........................... ▶ | | | | | | |
| | **12** Total revenue. See instructions ........................... ▶ | | | 92,461,259 | 92,461,259 | 0 | 0 |

Form **990** (2019)

DAA

S2075 11/12/2020 3:05 PM

Form 990 (2019) **TRINITY HEALTHSHARE, INC.**      **83-1050344**            Page **10**

**Part IX    Statement of Functional Expenses**

*Section 501(c)(3) and 501(c)(4) organizations must complete all columns. All other organizations must complete column (A).*

Check if Schedule O contains a response or note to any line in this Part IX ........................................ ☐

| *Do not include amounts reported on lines 6b, 7b, 8b, 9b, and 10b of Part VIII.* | **(A)** Total expenses | **(B)** Program service expenses | **(C)** Management and general expenses | **(D)** Fundraising expenses |
|---|---|---|---|---|
| **1** Grants and other assistance to domestic organizations and domestic governments. See Part IV, line 21 | 97,000 | 97,000 | | |
| **2** Grants and other assistance to domestic individuals. See Part IV, line 22 | | | | |
| **3** Grants and other assistance to foreign organizations, foreign governments, and foreign individuals. See Part IV, lines 15 and 16 | | | | |
| **4** Benefits paid to or for members | 54,880,109 | 54,880,109 | | |
| **5** Compensation of current officers, directors, trustees, and key employees | 217,192 | | 217,192 | |
| **6** Compensation not included above to disqualified persons (as defined under section 4958(f)(1)) and persons described in section 4958(c)(3)(B) | | | | |
| **7** Other salaries and wages | | | | |
| **8** Pension plan accruals and contributions (include section 401(k) and 403(b) employer contributions) | | | | |
| **9** Other employee benefits | | | | |
| **10** Payroll taxes | 11,603 | | 11,603 | |
| **11** Fees for services (nonemployees): | | | | |
| **a** Management | 32,138,105 | 32,138,105 | | |
| **b** Legal | 1,840,662 | 15,877 | 1,824,785 | |
| **c** Accounting | 89,730 | | 89,730 | |
| **d** Lobbying | | | | |
| **e** Professional fundraising services. See Part IV, line 17 | | | | |
| **f** Investment management fees | | | | |
| **g** Other. (If line 11g amount exceeds 10% of line 25, column (A) amount, list line 11g expenses on Schedule O.) | 250,472 | 213,774 | 36,698 | |
| **12** Advertising and promotion | 3,365,803 | 3,365,803 | | |
| **13** Office expenses | 1,595 | | 1,595 | |
| **14** Information technology | 39,814 | | 39,814 | |
| **15** Royalties | | | | |
| **16** Occupancy | 59,652 | | 59,652 | |
| **17** Travel | 6,708 | | 6,708 | |
| **18** Payments of travel or entertainment expenses for any federal, state, or local public officials | | | | |
| **19** Conferences, conventions, and meetings | | | | |
| **20** Interest | | | | |
| **21** Payments to affiliates | | | | |
| **22** Depreciation, depletion, and amortization | | | | |
| **23** Insurance | | | | |
| **24** Other expenses. Itemize expenses not covered above (List miscellaneous expenses on line 24e. If line 24e amount exceeds 10% of line 25, column (A) amount, list line 24e expenses on Schedule O.) | | | | |
| **a** HEALTHCARE NETWORK FEES | 167,060 | 167,060 | | |
| **b** FINES AND PENALTIES | 150,000 | | 150,000 | |
| **c** TELEMEDICINE | 57,471 | 57,471 | | |
| **d** | | | | |
| **e** All other expenses | | | | |
| **25** Total functional expenses. Add lines 1 through 24e | 93,372,976 | 90,935,199 | 2,437,777 | 0 |
| **26** Joint costs. Complete this line only if the organization reported in column (B) joint costs from a combined educational campaign and fundraising solicitation. Check here ▶ ☐ if following SOP 98-2 (ASC 958-720) | | | | |

DAA

Form **990** (2019)

S2075 11/12/2020 3:05 PM

Form 990 (2019) **TRINITY HEALTHSHARE, INC.**                83-1050344                Page **11**

**Part X**   **Balance Sheet**

Check if Schedule O contains a response or note to any line in this Part X ............................................ ☒

| | | | | (A) Beginning of year | | (B) End of year |
|---|---|---|---|---:|---|---:|
| **Assets** | 1 | Cash—non-interest-bearing | | 850,207 | 1 | 3,146,446 |
| | 2 | Savings and temporary cash investments | | | 2 | |
| | 3 | Pledges and grants receivable, net | | | 3 | |
| | 4 | Accounts receivable, net | | 5,176,341 | 4 | |
| | 5 | Loans and other receivables from any current or former officer, director, trustee, key employee, creator or founder, substantial contributor, or 35% controlled entity or family member of any of these persons | | | 5 | |
| | 6 | Loans and other receivables from other disqualified persons (as defined under section 4958(f)(1)), and persons described in section 4958(c)(3)(B) | | | 6 | |
| | 7 | Notes and loans receivable, net | | | 7 | |
| | 8 | Inventories for sale or use | | | 8 | |
| | 9 | Prepaid expenses and deferred charges | | 1,658,958 | 9 | 10,724 |
| | 10a | Land, buildings, and equipment: cost or other basis. Complete Part VI of Schedule D | 10a | | | |
| | b | Less: accumulated depreciation | 10b | | 10c | |
| | 11 | Investments—publicly traded securities | | | 11 | |
| | 12 | Investments—other securities. See Part IV, line 11 | | | 12 | |
| | 13 | Investments—program-related. See Part IV, line 11 | | | 13 | |
| | 14 | Intangible assets | | | 14 | |
| | 15 | Other assets. See Part IV, line 11 | | 4,954 | 15 | 4,954 |
| | 16 | **Total assets.** Add lines 1 through 15 (must equal line 33) | | 7,690,460 | 16 | 3,162,124 |
| **Liabilities** | 17 | Accounts payable and accrued expenses | | 22,846 | 17 | 1,048,823 |
| | 18 | Grants payable | | | 18 | |
| | 19 | Deferred revenue | | 2,774,029 | 19 | |
| | 20 | Tax-exempt bond liabilities | | | 20 | |
| | 21 | Escrow or custodial account liability. Complete Part IV of Schedule D | | | 21 | |
| | 22 | Loans and other payables to any current or former officer, director, trustee, key employee, creator or founder, substantial contributor, or 35% controlled entity or family member of any of these persons | | | 22 | |
| | 23 | Secured mortgages and notes payable to unrelated third parties | | | 23 | |
| | 24 | Unsecured notes and loans payable to unrelated third parties | | | 24 | |
| | 25 | Other liabilities (including federal income tax, payables to related third parties, and other liabilities not included on lines 17-24). Complete Part X of Schedule D | | 5,740,915 | 25 | |
| | 26 | **Total liabilities.** Add lines 17 through 25 | | 8,537,790 | 26 | 1,048,823 |
| **Net Assets or Fund Balances** | | Organizations that follow FASB ASC 958, check here ▶ ☒ and complete lines 27, 28, 32, and 33. | | | | |
| | 27 | Net assets without donor restrictions | | −847,330 | 27 | 2,113,301 |
| | 28 | Net assets with donor restrictions | | | 28 | |
| | | Organizations that do not follow FASB ASC 958, check here ▶ ☐ and complete lines 29 through 33. | | | | |
| | 29 | Capital stock or trust principal, or current funds | | | 29 | |
| | 30 | Paid-in or capital surplus, or land, building, or equipment fund | | | 30 | |
| | 31 | Retained earnings, endowment, accumulated income, or other funds | | | 31 | |
| | 32 | Total net assets or fund balances | | −847,330 | 32 | 2,113,301 |
| | 33 | Total liabilities and net assets/fund balances | | 7,690,460 | 33 | 3,162,124 |

Form **990** (2019)

DAA

S2075 11/12/2020 3:05 PM

Form 990 (2019) **TRINITY HEALTHSHARE, INC.**　　　　83-1050344　　　　　　Page **12**

## Part XI　Reconciliation of Net Assets

Check if Schedule O contains a response or note to any line in this Part XI ............... [X]

| | | |
|---|---|---|
| 1 Total revenue (must equal Part VIII, column (A), line 12) | **1** | 92,461,259 |
| 2 Total expenses (must equal Part IX, column (A), line 25) | **2** | 93,372,976 |
| 3 Revenue less expenses. Subtract line 2 from line 1 | **3** | -911,717 |
| 4 Net assets or fund balances at beginning of year (must equal Part X, line 32, column (A)) | **4** | -847,330 |
| 5 Net unrealized gains (losses) on investments | **5** | |
| 6 Donated services and use of facilities | **6** | |
| 7 Investment expenses | **7** | |
| 8 Prior period adjustments | **8** | 3,872,348 |
| 9 Other changes in net assets or fund balances (explain on Schedule O) | **9** | |
| 10 Net assets or fund balances at end of year. Combine lines 3 through 9 (must equal Part X, line 32, column (B)) | **10** | 2,113,301 |

## Part XII　Financial Statements and Reporting

Check if Schedule O contains a response or note to any line in this Part XII ............... [X]

| | | Yes | No |
|---|---|---|---|
| 1 Accounting method used to prepare the Form 990: [ ] Cash [X] Accrual [ ] Other _____ | | | |
| If the organization changed its method of accounting from a prior year or checked "Other," explain in Schedule O. | | | |
| 2a Were the organization's financial statements compiled or reviewed by an independent accountant? | 2a | | X |
| If "Yes," check a box below to indicate whether the financial statements for the year were compiled or reviewed on a separate basis, consolidated basis, or both: | | | |
| [ ] Separate basis [ ] Consolidated basis [ ] Both consolidated and separate basis | | | |
| b Were the organization's financial statements audited by an independent accountant? | 2b | | X |
| If "Yes," check a box below to indicate whether the financial statements for the year were audited on a separate basis, consolidated basis, or both: | | | |
| [ ] Separate basis [ ] Consolidated basis [ ] Both consolidated and separate basis | | | |
| c If "Yes" to line 2a or 2b, does the organization have a committee that assumes responsibility for oversight of the audit, review, or compilation of its financial statements and selection of an independent accountant? | 2c | | |
| If the organization changed either its oversight process or selection process during the tax year, explain on Schedule O. | | | |
| 3a As a result of a federal award, was the organization required to undergo an audit or audits as set forth in the Single Audit Act and OMB Circular A-133? | 3a | | X |
| b If "Yes," did the organization undergo the required audit or audits? If the organization did not undergo the required audit or audits, explain why on Schedule O and describe any steps taken to undergo such audits | 3b | | |

Form **990** (2019)

DAA

S2075 11/12/2020 3:05 PM

**SCHEDULE A**
**(Form 990 or 990-EZ)**

# Public Charity Status and Public Support

Complete if the organization is a section 501(c)(3) organization or a section 4947(a)(1) nonexempt charitable trust.

▶ **Attach to Form 990 or Form 990-EZ.**

▶ Go to *www.irs.gov/Form990* for instructions and the latest information.

OMB No. 1545-0047

## 2019

**Open to Public Inspection**

Department of the Treasury
Internal Revenue Service

| Name of the organization | Employer identification number |
|---|---|
| TRINITY HEALTHSHARE, INC. | 83-1050344 |

| Part I | Reason for Public Charity Status (All organizations must complete this part.) See instructions. |
|---|---|

The organization is not a private foundation because it is: (For lines 1 through 12, check only one box.)

1. ☐ A church, convention of churches, or association of churches described in **section 170(b)(1)(A)(i).**
2. ☐ A school described in **section 170(b)(1)(A)(ii).** (Attach Schedule E (Form 990 or 990-EZ).)
3. ☐ A hospital or a cooperative hospital service organization described in **section 170(b)(1)(A)(iii).**
4. ☐ A medical research organization operated in conjunction with a hospital described in **section 170(b)(1)(A)(iii).** Enter the hospital's name, city, and state:
5. ☐ An organization operated for the benefit of a college or university owned or operated by a governmental unit described in **section 170(b)(1)(A)(iv).** (Complete Part II.)
6. ☐ A federal, state, or local government or governmental unit described in **section 170(b)(1)(A)(v).**
7. ☐ An organization that normally receives a substantial part of its support from a governmental unit or from the general public described in **section 170(b)(1)(A)(vi).** (Complete Part II.)
8. ☐ A community trust described in **section 170(b)(1)(A)(vi).** (Complete Part II.)
9. ☐ An agricultural research organization described in **section 170(b)(1)(A)(ix)** operated in conjunction with a land-grant college or university or a non-land-grant college of agriculture (see instructions). Enter the name, city, and state of the college or university:
10. ☒ An organization that normally receives: (1) more than 33 1/3% of its support from contributions, membership fees, and gross receipts from activities related to its exempt functions—subject to certain exceptions, and (2) no more than 33 1/3% of its support from gross investment income and unrelated business taxable income (less section 511 tax) from businesses acquired by the organization after June 30, 1975. See **section 509(a)(2).** (Complete Part III.)
11. ☐ An organization organized and operated exclusively to test for public safety. See **section 509(a)(4).**
12. ☐ An organization organized and operated exclusively for the benefit of, to perform the functions of, or to carry out the purposes of one or more publicly supported organizations described in **section 509(a)(1)** or **section 509(a)(2).** See **section 509(a)(3).** Check the box in lines 12a through 12d that describes the type of supporting organization and complete lines 12e, 12f, and 12g.

a. ☐ **Type I.** A supporting organization operated, supervised, or controlled by its supported organization(s), typically by giving the supported organization(s) the power to regularly appoint or elect a majority of the directors or trustees of the supporting organization. **You must complete Part IV, Sections A and B.**

b. ☐ **Type II.** A supporting organization supervised or controlled in connection with its supported organization(s), by having control or management of the supporting organization vested in the same persons that control or manage the supported organization(s). **You must complete Part IV, Sections A and C.**

c. ☐ **Type III functionally integrated.** A supporting organization operated in connection with, and functionally integrated with, its supported organization(s) (see instructions). **You must complete Part IV, Sections A, D, and E.**

d. ☐ **Type III non-functionally integrated.** A supporting organization operated in connection with its supported organization(s) that is not functionally integrated. The organization generally must satisfy a distribution requirement and an attentiveness requirement (see instructions). **You must complete Part IV, Sections A and D, and Part V.**

e. ☐ Check this box if the organization received a written determination from the IRS that it is a Type I, Type II, Type III functionally integrated, or Type III non-functionally integrated supporting organization.

f. Enter the number of supported organizations ................................................................

g. Provide the following information about the supported organization(s).

| (i) Name of supported organization | (ii) EIN | (iii) Type of organization (described on lines 1–10 above (see instructions)) | (iv) Is the organization listed in your governing document? | | (v) Amount of monetary support (see instructions) | (vi) Amount of other support (see instructions) |
|---|---|---|---|---|---|---|
| | | | Yes | No | | |
| **(A)** | | | | | | |
| **(B)** | | | | | | |
| **(C)** | | | | | | |
| **(D)** | | | | | | |
| **(E)** | | | | | | |
| **Total** | | | | | | |

For Paperwork Reduction Act Notice, see the Instructions for Form 990 or 990-EZ.

**Schedule A (Form 990 or 990-EZ) 2019**

DAA

S2075 11/12/2020 3:05 PM

Schedule A (Form 990 or 990-EZ) 2019 **TRINITY HEALTHSHARE, INC.** 83-1050344 Page **2**

**Part II** Support Schedule for Organizations Described in Sections 170(b)(1)(A)(iv) and 170(b)(1)(A)(vi)
(Complete only if you checked the box on line 5, 7, or 8 of Part I or if the organization failed to qualify under Part III. If the organization fails to qualify under the tests listed below, please complete Part III.)

**Section A. Public Support**

| Calendar year (or fiscal year beginning in) ▶ | (a) 2015 | (b) 2016 | (c) 2017 | (d) 2018 | (e) 2019 | (f) Total |
|---|---|---|---|---|---|---|
| **1** Gifts, grants, contributions, and membership fees received. (Do not include any "unusual grants.") | | | | | | |
| **2** Tax revenues levied for the organization's benefit and either paid to or expended on its behalf | | | | | | |
| **3** The value of services or facilities furnished by a governmental unit to the organization without charge | | | | | | |
| **4** **Total.** Add lines 1 through 3 | | | | | | |
| **5** The portion of total contributions by each person (other than a governmental unit or publicly supported organization) included on line 1 that exceeds 2% of the amount shown on line 11, column (f) | | | | | | |
| **6** **Public support.** Subtract line 5 from line 4 | | | | | | |

**Section B. Total Support**

| Calendar year (or fiscal year beginning in) ▶ | (a) 2015 | (b) 2016 | (c) 2017 | (d) 2018 | (e) 2019 | (f) Total |
|---|---|---|---|---|---|---|
| **7** Amounts from line 4 | | | | | | |
| **8** Gross income from interest, dividends, payments received on securities loans, rents, royalties, and income from similar sources | | | | | | |
| **9** Net income from unrelated business activities, whether or not the business is regularly carried on | | | | | | |
| **10** Other income. Do not include gain or loss from the sale of capital assets (Explain in Part VI.) | | | | | | |
| **11** **Total support.** Add lines 7 through 10 | | | | | | |
| **12** Gross receipts from related activities, etc. (see instructions) | | | | | **12** | |

**13** **First five years.** If the Form 990 is for the organization's first, second, third, fourth, or fifth tax year as a section 501(c)(3) organization, check this box and **stop here** ▶ ☐

**Section C. Computation of Public Support Percentage**

| | | | |
|---|---|---|---|
| **14** Public support percentage for 2019 (line 6, column (f) divided by line 11, column (f)) | | **14** | % |
| **15** Public support percentage from 2018 Schedule A, Part II, line 14 | | **15** | % |

**16a** **33 1/3% support test—2019.** If the organization did not check the box on line 13, and line 14 is 33 1/3% or more, check this box and **stop here.** The organization qualifies as a publicly supported organization ▶ ☐

**b** **33 1/3% support test—2018.** If the organization did not check a box on line 13 or 16a, and line 15 is 33 1/3% or more, check this box and **stop here.** The organization qualifies as a publicly supported organization ▶ ☐

**17a** **10%-facts-and-circumstances  test—2019.** If the organization did not check a box on line 13, 16a, or 16b, and line 14 is 10% or more, and if the organization meets the "facts-and-circumstances" test, check this box and **stop here.** Explain in Part VI how the organization meets the "facts-and-circumstances" test. The organization qualifies as a publicly supported organization ▶ ☐

**b** **10%-facts-and-circumstances  test—2018.** If the organization did not check a box on line 13, 16a, 16b, or 17a, and line 15 is 10% or more, and if the organization meets the "facts-and-circumstances" test, check this box and **stop here.** Explain in Part VI how the organization meets the "facts-and-circumstances" test. The organization qualifies as a publicly supported organization ▶ ☐

**18** **Private foundation.** If the organization did not check a box on line 13, 16a, 16b, 17a, or 17b, check this box and see instructions ▶ ☐

Schedule A (Form 990 or 990-EZ) 2019

DAA

S2075 11/12/2020 3:05 PM

Schedule A (Form 990 or 990-EZ) 2019  **TRINITY HEALTHSHARE, INC.**  83-1050344  Page **3**

### Part III    Support Schedule for Organizations Described in Section 509(a)(2)
(Complete only if you checked the box on line 10 of Part I or if the organization failed to qualify under Part II.
If the organization fails to qualify under the tests listed below, please complete Part II.)

### Section A. Public Support

| Calendar year (or fiscal year beginning in) ▶ | (a) 2015 | (b) 2016 | (c) 2017 | (d) 2018 | (e) 2019 | (f) Total |
|---|---|---|---|---|---|---|
| **1** Gifts, grants, contributions, and membership fees received. (Do not include any "unusual grants.") | | | | 8,231,106 | 92,461,259 | 100,692,365 |
| **2** Gross receipts from admissions, merchandise sold or services performed, or facilities furnished in any activity that is related to the organization's tax-exempt purpose | | | | | | |
| **3** Gross receipts from activities that are not an unrelated trade or business under section 513 | | | | | | |
| **4** Tax revenues levied for the organization's benefit and either paid to or expended on its behalf | | | | | | |
| **5** The value of services or facilities furnished by a governmental unit to the organization without charge | | | | | | |
| **6** **Total.** Add lines 1 through 5 | | | | 8,231,106 | 92,461,259 | 100,692,365 |
| **7a** Amounts included on lines 1, 2, and 3 received from disqualified persons | | | | | | |
| **b** Amounts included on lines 2 and 3 received from other than disqualified persons that exceed the greater of $5,000 or 1% of the amount on line 13 for the year | | | | | | |
| **c** Add lines 7a and 7b | | | | | | |
| **8** **Public support.** (Subtract line 7c from line 6.) | | | | | | 100,692,365 |

### Section B. Total Support

| Calendar year (or fiscal year beginning in) ▶ | (a) 2015 | (b) 2016 | (c) 2017 | (d) 2018 | (e) 2019 | (f) Total |
|---|---|---|---|---|---|---|
| **9** Amounts from line 6 | | | | 8,231,106 | 92,461,259 | 100,692,365 |
| **10a** Gross income from interest, dividends, payments received on securities loans, rents, royalties, and income from similar sources | | | | | | |
| **b** Unrelated business taxable income (less section 511 taxes) from businesses acquired after June 30, 1975 | | | | | | |
| **c** Add lines 10a and 10b | | | | | | |
| **11** Net income from unrelated business activities not included in line 10b, whether or not the business is regularly carried on | | | | | | |
| **12** Other income. Do not include gain or loss from the sale of capital assets (Explain in Part VI.) | | | | | | |
| **13** **Total support.** (Add lines 9, 10c, 11, and 12.) | | | | 8,231,106 | 92,461,259 | 100,692,365 |

**14** **First five years.** If the Form 990 is for the organization's first, second, third, fourth, or fifth tax year as a section 501(c)(3) organization, check this box and **stop here** ............................................................................................. ▶ ☒

### Section C. Computation of Public Support Percentage

| | | | |
|---|---|---|---|
| **15** Public support percentage for 2019 (line 8, column (f), divided by line 13, column (f)) | | **15** | % |
| **16** Public support percentage from 2018 Schedule A, Part III, line 15 | | **16** | % |

### Section D. Computation of Investment Income Percentage

| | | | |
|---|---|---|---|
| **17** Investment income percentage for **2019** (line 10c, column (f), divided by line 13, column (f)) | | **17** | % |
| **18** Investment income percentage from **2018** Schedule A, Part III, line 17 | | **18** | % |

**19a** **33 1/3% support tests—2019.** If the organization did not check the box on line 14, and line 15 is more than 33 1/3%, and line 17 is not more than 33 1/3%, check this box and **stop here.** The organization qualifies as a publicly supported organization ..................... ▶ ☐

**b** **33 1/3% support tests—2018.** If the organization did not check a box on line 14 or line 19a, and line 16 is more than 33 1/3%, and line 18 is not more than 33 1/3%, check this box and **stop here.** The organization qualifies as a publicly supported organization ................. ▶ ☐

**20** **Private foundation.** If the organization did not check a box on line 14, 19a, or 19b, check this box and see instructions ........................ ▶ ☐

Schedule A (Form 990 or 990-EZ) 2019

DAA

S2075 11/12/2020 3:05 PM

Schedule A (Form 990 or 990-EZ) 2019   **TRINITY HEALTHSHARE, INC.**                83-1050344          Page 4

**Part IV**    **Supporting Organizations**
(Complete only if you checked a box in line 12 on Part I. If you checked 12a of Part I, complete Sections A
and B. If you checked 12b of Part I, complete Sections A and C. If you checked 12c of Part I, complete
Sections A, D, and E. If you checked 12d of Part I, complete Sections A and D, and complete Part V.)

**Section A. All Supporting Organizations**

|   |   | Yes | No |
|---|---|---|---|
| **1** | Are all of the organization's supported organizations listed by name in the organization's governing documents? If "No," describe in **Part VI** how the supported organizations are designated. If designated by class or purpose, describe the designation. If historic and continuing relationship, explain. **1** | | |
| **2** | Did the organization have any supported organization that does not have an IRS determination of status under section 509(a)(1) or (2)? If "Yes," explain in **Part VI** how the organization determined that the supported organization was described in section 509(a)(1) or (2). **2** | | |
| **3a** | Did the organization have a supported organization described in section 501(c)(4), (5), or (6)? If "Yes," answer (b) and (c) below. **3a** | | |
| **b** | Did the organization confirm that each supported organization qualified under section 501(c)(4), (5), or (6) and satisfied the public support tests under section 509(a)(2)? If "Yes," describe in **Part VI** when and how the organization made the determination. **3b** | | |
| **c** | Did the organization ensure that all support to such organizations was used exclusively for section 170(c)(2)(B) purposes? If "Yes," explain in **Part VI** what controls the organization put in place to ensure such use. **3c** | | |
| **4a** | Was any supported organization not organized in the United States ("foreign supported organization")? If "Yes," and if you checked 12a or 12b in Part I, answer (b) and (c) below. **4a** | | |
| **b** | Did the organization have ultimate control and discretion in deciding whether to make grants to the foreign supported organization? If "Yes," describe in **Part VI** how the organization had such control and discretion despite being controlled or supervised by or in connection with its supported organizations. **4b** | | |
| **c** | Did the organization support any foreign supported organization that does not have an IRS determination under sections 501(c)(3) and 509(a)(1) or (2)? If "Yes," explain in **Part VI** what controls the organization used to ensure that all support to the foreign supported organization was used exclusively for section 170(c)(2)(B) purposes. **4c** | | |
| **5a** | Did the organization add, substitute, or remove any supported organizations during the tax year? If "Yes," answer (b) and (c) below (if applicable). Also, provide detail in **Part VI**, including (i) the names and EIN numbers of the supported organizations added, substituted, or removed; (ii) the reasons for each such action; (iii) the authority under the organization's organizing document authorizing such action; and (iv) how the action was accomplished (such as by amendment to the organizing document). **5a** | | |
| **b** | **Type I or Type II only.** Was any added or substituted supported organization part of a class already designated in the organization's organizing document? **5b** | | |
| **c** | **Substitutions only.** Was the substitution the result of an event beyond the organization's control? **5c** | | |
| **6** | Did the organization provide support (whether in the form of grants or the provision of services or facilities) to anyone other than (i) its supported organizations, (ii) individuals that are part of the charitable class benefited by one or more of its supported organizations, or (iii) other supporting organizations that also support or benefit one or more of the filing organization's supported organizations? If "Yes," provide detail in **Part VI.** **6** | | |
| **7** | Did the organization provide a grant, loan, compensation, or other similar payment to a substantial contributor (as defined in section 4958(c)(3)(C)), a family member of a substantial contributor, or a 35% controlled entity with regard to a substantial contributor? If "Yes," complete Part I of Schedule L (Form 990 or 990-EZ). **7** | | |
| **8** | Did the organization make a loan to a disqualified person (as defined in section 4958) not described in line 7? If "Yes," complete Part I of Schedule L (Form 990 or 990-EZ). **8** | | |
| **9a** | Was the organization controlled directly or indirectly at any time during the tax year by one or more disqualified persons as defined in section 4946 (other than foundation managers and organizations described in section 509(a)(1) or (2))? If "Yes," provide detail in **Part VI.** **9a** | | |
| **b** | Did one or more disqualified persons (as defined in line 9a) hold a controlling interest in any entity in which the supporting organization had an interest? If "Yes," provide detail in **Part VI.** **9b** | | |
| **c** | Did a disqualified person (as defined in line 9a) have an ownership interest in, or derive any personal benefit from, assets in which the supporting organization also had an interest? If "Yes," provide detail in **Part VI.** **9c** | | |
| **10a** | Was the organization subject to the excess business holdings rules of section 4943 because of section 4943(f) (regarding certain Type II supporting organizations, and all Type III non-functionally integrated supporting organizations)? If "Yes," answer 10b below. **10a** | | |
| **b** | Did the organization have any excess business holdings in the tax year? (Use Schedule C, Form 4720, to determine whether the organization had excess business holdings.) **10b** | | |

Schedule A (Form 990 or 990-EZ) 2019

DAA

S2075 11/12/2020 3:05 PM

Schedule A (Form 990 or 990-EZ) 2019 **TRINITY HEALTHSHARE, INC.** 83-1050344 Page 5

| Part IV | Supporting Organizations *(continued)* | | | |
|---|---|---|---|---|

| | | | Yes | No |
|---|---|---|---|---|
| 11 | Has the organization accepted a gift or contribution from any of the following persons? | | | |
| a | A person who directly or indirectly controls, either alone or together with persons described in (b) and (c) | | | |
| | below, the governing body of a supported organization? | **11a** | | |
| b | A family member of a person described in (a) above? | **11b** | | |
| c | A 35% controlled entity of a person described in (a) or (b) above? *If "Yes" to a, b, or c, provide detail in Part VI.* | **11c** | | |

### Section B. Type I Supporting Organizations

| | | | Yes | No |
|---|---|---|---|---|
| 1 | Did the directors, trustees, or membership of one or more supported organizations have the power to regularly appoint or elect at least a majority of the organization's directors or trustees at all times during the tax year? *If "No," describe in Part VI how the supported organization(s) effectively operated, supervised, or controlled the organization's activities. If the organization had more than one supported organization, describe how the powers to appoint and/or remove directors or trustees were allocated among the supported organizations and what conditions or restrictions, if any, applied to such powers during the tax year.* | **1** | | |
| 2 | Did the organization operate for the benefit of any supported organization other than the supported organization(s) that operated, supervised, or controlled the supporting organization? *If "Yes," explain in Part VI how providing such benefit carried out the purposes of the supported organization(s) that operated, supervised, or controlled the supporting organization.* | **2** | | |

### Section C. Type II Supporting Organizations

| | | | Yes | No |
|---|---|---|---|---|
| 1 | Were a majority of the organization's directors or trustees during the tax year also a majority of the directors or trustees of each of the organization's supported organization(s)? *If "No," describe in Part VI how control or management of the supporting organization was vested in the same persons that controlled or managed the supported organization(s).* | **1** | | |

### Section D. All Type III Supporting Organizations

| | | | Yes | No |
|---|---|---|---|---|
| 1 | Did the organization provide to each of its supported organizations, by the last day of the fifth month of the organization's tax year, (i) a written notice describing the type and amount of support provided during the prior tax year, (ii) a copy of the Form 990 that was most recently filed as of the date of notification, and (iii) copies of the organization's governing documents in effect on the date of notification, to the extent not previously provided? | **1** | | |
| 2 | Were any of the organization's officers, directors, or trustees either (i) appointed or elected by the supported organization(s) or (ii) serving on the governing body of a supported organization? *If "No," explain in Part VI how the organization maintained a close and continuous working relationship with the supported organization(s).* | **2** | | |
| 3 | By reason of the relationship described in (2), did the organization's supported organizations have a significant voice in the organization's investment policies and in directing the use of the organization's income or assets at all times during the tax year? *If "Yes," describe in Part VI the role the organization's supported organizations played in this regard.* | **3** | | |

### Section E. Type III Functionally-Integrated Supporting Organizations

| 1 | Check the box next to the method that the organization used to satisfy the Integral Part Test during the year (**see instructions**). | | | | |
|---|---|---|---|---|---|
| a | ☐ | The organization satisfied the Activities Test. *Complete line 2 below.* | | | |
| b | ☐ | The organization is the parent of each of its supported organizations. *Complete line 3 below.* | | | |
| c | ☐ | The organization supported a governmental entity. *Describe in Part VI how you supported a government entity (see instructions).* | | | |

| | | | Yes | No |
|---|---|---|---|---|
| 2 | Activities Test. *Answer (a) and (b) below.* | | | |
| a | Did substantially all of the organization's activities during the tax year directly further the exempt purposes of the supported organization(s) to which the organization was responsive? *If "Yes," then in Part VI identify those supported organizations and explain how these activities directly furthered their exempt purposes, how the organization was responsive to those supported organizations, and how the organization determined that these activities constituted substantially all of its activities.* | **2a** | | |
| b | Did the activities described in (a) constitute activities that, but for the organization's involvement, one or more of the organization's supported organization(s) would have been engaged in? *If "Yes," explain in Part VI the reasons for the organization's position that its supported organization(s) would have engaged in these activities but for the organization's involvement.* | **2b** | | |
| 3 | Parent of Supported Organizations. *Answer (a) and (b) below.* | | | |
| a | Did the organization have the power to regularly appoint or elect a majority of the officers, directors, or trustees of each of the supported organizations? *Provide details in Part VI.* | **3a** | | |
| b | Did the organization exercise a substantial degree of direction over the policies, programs, and activities of each of its supported organizations? *If "Yes," describe in Part VI the role played by the organization in this regard.* | **3b** | | |

DAA

Schedule A (Form 990 or 990-EZ) 2019

S2075 11/12/2020 3:05 PM

Schedule A (Form 990 or 990-EZ) 2019   **TRINITY HEALTHSHARE, INC.**   83-1050344   Page 6

### Part V   Type III Non-Functionally Integrated 509(a)(3) Supporting Organizations

1 ☐ Check here if the organization satisfied the Integral Part Test as a qualifying trust on Nov. 20, 1970 (explain in Part VI). **See instructions.** All other Type III non-functionally integrated supporting organizations must complete Sections A through E.

| Section A - Adjusted Net Income | | (A) Prior Year | (B) Current Year (optional) |
|---|---|---|---|
| 1   Net short-term capital gain | 1 | | |
| 2   Recoveries of prior-year distributions | 2 | | |
| 3   Other gross income (see instructions) | 3 | | |
| 4   Add lines 1 through 3. | 4 | | |
| 5   Depreciation and depletion | 5 | | |
| 6   Portion of operating expenses paid or incurred for production or collection of gross income or for management, conservation, or maintenance of property held for production of income (see instructions) | 6 | | |
| 7   Other expenses (see instructions) | 7 | | |
| 8   **Adjusted Net Income** (subtract lines 5, 6, and 7 from line 4) | 8 | | |

| Section B - Minimum Asset Amount | | (A) Prior Year | (B) Current Year (optional) |
|---|---|---|---|
| 1   Aggregate fair market value of all non-exempt-use assets (see instructions for short tax year or assets held for part of year): | | | |
|    a   Average monthly value of securities | 1a | | |
|    b   Average monthly cash balances | 1b | | |
|    c   Fair market value of other non-exempt-use assets | 1c | | |
|    d   **Total** (add lines 1a, 1b, and 1c) | 1d | | |
|    e   **Discount** claimed for blockage or other factors (explain in detail in **Part VI**): | | | |
| 2   Acquisition indebtedness applicable to non-exempt-use assets | 2 | | |
| 3   Subtract line 2 from line 1d. | 3 | | |
| 4   Cash deemed held for exempt use. Enter 1-1/2% of line 3 (for greater amount, see instructions). | 4 | | |
| 5   Net value of non-exempt-use assets (subtract line 4 from line 3) | 5 | | |
| 6   Multiply line 5 by .035. | 6 | | |
| 7   Recoveries of prior-year distributions | 7 | | |
| 8   **Minimum Asset Amount** (add line 7 to line 6) | 8 | | |

| Section C - Distributable Amount | | | Current Year |
|---|---|---|---|
| 1   Adjusted net income for prior year (from Section A, line 8, Column A) | 1 | | |
| 2   Enter 85% of line 1. | 2 | | |
| 3   Minimum asset amount for prior year (from Section B, line 8, Column A) | 3 | | |
| 4   Enter greater of line 2 or line 3. | 4 | | |
| 5   Income tax imposed in prior year | 5 | | |
| 6   **Distributable Amount.** Subtract line 5 from line 4, unless subject to emergency temporary reduction (see instructions). | 6 | | |

7 ☐ Check here if the current year is the organization's first as a non-functionally integrated Type III supporting organization (see instructions).

Schedule A (Form 990 or 990-EZ) 2019

DAA

S2075 11/12/2020 3:05 PM

Schedule A (Form 990 or 990-EZ) 2019    **TRINITY HEALTHSHARE, INC.**    83-1050344    Page 7

**Part V**    Type III Non-Functionally Integrated 509(a)(3) Supporting Organizations *(continued)*

| Section D - Distributions | Current Year |
|---|---|
| 1   Amounts paid to supported organizations to accomplish exempt purposes | |
| 2   Amounts paid to perform activity that directly furthers exempt purposes of supported organizations, in excess of income from activity | |
| 3   Administrative expenses paid to accomplish exempt purposes of supported organizations | |
| 4   Amounts paid to acquire exempt-use assets | |
| 5   Qualified set-aside amounts (prior IRS approval required) | |
| 6   Other distributions (describe in **Part VI**). See instructions. | |
| 7   **Total annual distributions.** Add lines 1 through 6. | |
| 8   Distributions to attentive supported organizations to which the organization is responsive (provide details in **Part VI**). See instructions. | |
| 9   Distributable amount for 2019 from Section C, line 6 | |
| 10  Line 8 amount divided by line 9 amount | |

| Section E - Distribution Allocations (see instructions) | (i) Excess Distributions | (ii) Underdistributions Pre-2019 | (iii) Distributable Amount for 2019 |
|---|---|---|---|
| 1   Distributable amount for 2019 from Section C, line 6 | | | |
| 2   Underdistributions, if any, for years prior to 2019 (reasonable cause required-explain in **Part VI**). See instructions. | | | |
| 3   Excess distributions carryover, if any, to 2019 | | | |
| a   From 2014 .................................. | | | |
| b   From 2015 .................................. | | | |
| c   From 2016 .................................. | | | |
| d   From 2017 .................................. | | | |
| e   From 2018 .................................. | | | |
| f   **Total** of lines 3a through e | | | |
| g   Applied to underdistributions of prior years | | | |
| h   Applied to 2019 distributable amount | | | |
| i   Carryover from 2014 not applied (see instructions) | | | |
| j   Remainder. Subtract lines 3g, 3h, and 3i from 3f. | | | |
| 4   Distributions for 2019 from Section D, line 7:      $ | | | |
| a   Applied to underdistributions of prior years | | | |
| b   Applied to 2019 distributable amount | | | |
| c   Remainder. Subtract lines 4a and 4b from 4. | | | |
| 5   Remaining underdistributions for years prior to 2019, if any. Subtract lines 3g and 4a from line 2. For result greater than zero, explain in **Part VI**. See instructions. | | | |
| 6   Remaining underdistributions for 2019. Subtract lines 3h and 4b from line 1. For result greater than zero, explain in **Part VI**. See instructions. | | | |
| 7   **Excess distributions carryover to 2020.** Add lines 3j and 4c. | | | |
| 8   Breakdown of line 7: | | | |
| a   Excess from 2015 ............................ | | | |
| b   Excess from 2016 ............................ | | | |
| c   Excess from 2017 ............................ | | | |
| d   Excess from 2018 ............................ | | | |
| e   Excess from 2019 ............................ | | | |

**Schedule A (Form 990 or 990-EZ) 2019**

DAA

S2075 11/12/2020 3:05 PM

Schedule A (Form 990 or 990-EZ) 2019   TRINITY HEALTHSHARE, INC.                83-1050344          Page 8

**Part VI**    **Supplemental Information.** Provide the explanations required by Part II, line 10; Part II, line 17a or 17b; Part III, line 12; Part IV, Section A, lines 1, 2, 3b, 3c, 4b, 4c, 5a, 6, 9a, 9b, 9c, 11a, 11b, and 11c; Part IV, Section B, lines 1 and 2; Part IV, Section C, line 1; Part IV, Section D, lines 2 and 3; Part IV, Section E, lines 1c, 2a, 2b, 3a, and 3b; Part V, line 1; Part V, Section B, line 1e; Part V, Section D, lines 5, 6, and 8; and Part V, Section E, lines 2, 5, and 6. Also complete this part for any additional information. (See instructions.)

S2075 11/12/2020 3:05 PM

| SCHEDULE I (Form 990) | Grants and Other Assistance to Organizations, Governments, and Individuals in the United States | OMB No. 1545-0047 **2019** |
|---|---|---|

Complete if the organization answered "Yes" on Form 990, Part IV, line 21 or 22.

▶ Attach to Form 990.

Department of the Treasury
Internal Revenue Service

▶ Go to *www.irs.gov/Form990* for the latest information.

**Open to Public Inspection**

| Name of the organization | Employer identification number |
|---|---|
| **TRINITY HEALTHSHARE, INC.** | 83-1050344 |

**Part I**    General Information on Grants and Assistance

**1**   Does the organization maintain records to substantiate the amount of the grants or assistance, the grantees' eligibility for the grants or assistance, and the selection criteria used to award the grants or assistance?         ☐ Yes    ☒ No

**2**   Describe in Part IV the organization's procedures for monitoring the use of grant funds in the United States.

**Part II**    Grants and Other Assistance to Domestic Organizations and Domestic Governments. Complete if the organization answered "Yes" on Form 990, Part IV, line 21, for any recipient that received more than $5,000. Part II can be duplicated if additional space is needed.

| 1 | (a) Name and address of organization or government | (b) EIN | (c) IRC section (if applicable) | (d) Amount of cash grant | (e) Amount of non-cash assistance | (f) Method of valuation (book, FMV, appraisal, other) | (g) Description of noncash assistance | (h) Purpose of grant or assistance |
|---|---|---|---|---|---|---|---|---|
| (1) | CHILDRENS CANCER CENTER 4901 W. CYPRESS ST. TAMPA   FL   33607 | 59-1779035 | 501 (C) | 10,000 | | | | FUNDRAISING |
| (2) | RONALD MCDONALD HOUSE 267-07 76TH AVE. NEW HYDE PARK   NY   11040 | 11-2764747 | 501 (C) | 10,000 | | | | HOUSING |
| (3) | RONALD MCDONALD HOUSE 4707 BENGAL ST. DALLAS   TX   75235 | 75-1609401 | 501 (C) | 5,500 | | | | HOUSING |
| (4) | RONALD MCDONALD HOUSE 520 SAND HILL RD PALO ALTO   CA   94304 | 94-2538615 | 501 (C) | 10,000 | | | | HOUSING |
| (5) | RONALD MCDONALD HOUSE 5130 40TH AVE. NE SEATTLE   WA   98105 | 91-1061043 | 501 (C) | 10,000 | | | | HOUSING |
| (6) | PROVIDENCE HEALTHCARE FOUNDATION 101 W. EIGHTH AVE. SPOKANE   WA   99204 | 32-0014330 | 501 (C) | 10,000 | | | | HOUSING |
| (7) | BAYLOR SCOTT & WHITE CENTRAL TX FDN 2401 S. 31ST ST. STE MS20 & S103 TEMPLE   TX   76508 | 27-3513154 | 501 (C) | 9,000 | | | | NICU FAMILY SUPPORT |
| (8) | CHILDREN'S BURN FOUNDATION 5000 VAN NUYS BLVD. STE 210 SHERMAN OAKS   CA   91403 | 95-3954352 | 501 (C) | 10,000 | | | | SPONSOR |
| (9) | FAITH DRIVEN LIFE CHURCH 2822 RANDALL ST. EAST POINT   GA   30344 | 23-7002419 | 501 (C) | 7,500 | | | | SPONSOR |

**2**   Enter total number of section 501(c)(3) and government organizations listed in the line 1 table       ▶   9

**3**   Enter total number of other organizations listed in the line 1 table       ▶   0

For Paperwork Reduction Act Notice, see the Instructions for Form 990.      Schedule I (Form 990) (2019)

DAA

S2075 11/12/2020 3:05 PM

Schedule I (Form 990) (2019)    TRINITY HEALTHSHARE, INC.    83-1050344    Page 2

### Part III    Grants and Other Assistance to Domestic Individuals. Complete if the organization answered "Yes" on Form 990, Part IV, line 22.
Part III can be duplicated if additional space is needed.

| (a) Type of grant or assistance | (b) Number of recipients | (c) Amount of cash grant | (d) Amount of noncash assistance | (e) Method of valuation (book, FMV, appraisal, other) | (f) Description of noncash assistance |
|---|---|---|---|---|---|
| **1** | | | | | |
| **2** | | | | | |
| **3** | | | | | |
| **4** | | | | | |
| **5** | | | | | |
| **6** | | | | | |
| **7** | | | | | |

### Part IV    Supplemental Information. Provide the information required in Part I, line 2; Part III, column (b); and any other additional information.

PART I, LINE 2 - PROCEDURES FOR MONITORING THE USE OF GRANT FUNDS

GRANTS WERE GIVEN TO LONG ESTABLISHED LARGE 501(C)(3) PUBLIC ORGANIZATIONS

AND DO NOT REQUIRE FURTHER REVIEW.

Schedule I (Form 990) (2019)

DAA

S2075 11/12/2020 3:05 PM

**SCHEDULE O**
**(Form 990 or 990-EZ)**

Department of the Treasury
Internal Revenue Service

# Supplemental Information to Form 990 or 990-EZ

Complete to provide information for responses to specific questions on
Form 990 or 990-EZ or to provide any additional information.

▶ Attach to Form 990 or 990-EZ.
▶ Go to *www.irs.gov/Form990* for the latest information.

OMB No. 1545-0047

**2019**

**Open to Public Inspection**

Name of the organization

**TRINITY HEALTHSHARE, INC.**

Employer identification number

**83-1050344**

**FORM 990, PART VI - ADDITIONAL INFORMATION**

**LINE(S) 13 AND 14:** IN 2020 THE BOARD CAUSED THE ADOPTION OF A WRITTEN
WHISTLEBLOWER POLICY AND A WRITTEN DOCUMENT DESTRUCTION POLICY EVEN THOUGH
THE ORGANIZATION CURRENTLY STILL HAS ONLY TWO (2) FULL TIME EMPLOYEES.

**FORM 990, PART VI, LINE 2 - RELATED PARTY INFORMATION AMONG OFFICERS**

WILLIAM H. THEAD III                    DAVID R. THEAD

CHAIRMAN                                SECRETARY

SIBLINGS

**FORM 990, PART VI, LINE 3 - MANAGEMENT DELEGATED**

THE ORGANIZATION ENGAGED ALIERA HEALTHCARE, INC. TO PROVIDE IT
WITH A VARIETY OF MANAGEMENT SERVICES. IN 2019, ALIERA WAS PAID $32,138,105
FOR THESE SERVICES.  ON DECEMBER 4, 2019, THE ORGANIZATION COMPLETED AND
SIGNED CONTRACTUAL AGREEMENTS TO TAKE EFFECT JANUARY 1, 2020, WITH FOUR
SERVICE VENDORS OF A HEALTH CARE SERVICES HOLDING COMPANY TO ASSIST WITH
ITS PROGRAM SERVICES.

**FORM 990, PART VI, LINE 4 - SIGNIFICANT CHANGES TO ORGANIZATIONAL DOCUMENTS**

THE ORGANIZATION AMENDED ITS BYLAWS IN 2019 TO PROVIDE FOR MORE DETAILED
PROVISIONS ON NONPROFIT CORPORATE GOVERNANCE, CORPORATE STRUCTURE, ITS
HEALTH CARE SHARING PROGRAMS AND SPECIFIC PROTECTIONS CONCERNING ITS
SECTION 501(C)(3) TAX-EXEMPT STATUS.

**FORM 990, PART VI, LINE 8B - DOCUMENTATION BY COMMITTEE EXPLANATION**

S2075 11/12/2020 3:05 PM

| Name of the organization | Employer identification number |
|---|---|
| TRINITY HEALTHSHARE, INC. | 83-1050344 |

IN 2019, THE ORGANIZATION HAD NO COMMITTEES IN PLACE THAT WOULD ACT ON

BEHALF OF THE GOVERNING BODY.


FORM 990, PART VI, LINE 11B - ORGANIZATION'S PROCESS TO REVIEW FORM 990

THE FORM 990 IS PREPARED BY AN INDEPENDENT CPA FIRM WHICH SENDS A DRAFT

RETURN TO COUNSEL AND THE BOARD OF DIRECTORS FOR REVIEW. A MEETING BETWEEN

ALL PARTIES IS SCHEDULED TO REVIEW THE TAX RETURN IN DETAIL. ANY CHANGES

DECIDED ON AT THIS MEETING WILL BE INCORPORATED INTO THE FINAL RETURN

BEFORE SUBMISSION TO THE IRS.


FORM 990, PART VI, LINE 12C - ENFORCEMENT OF CONFLICTS POLICY

THE WRITTEN CONFLICT OF INTEREST POLICY IS REVIEWED ANNUALLY BY THE BOARD

AND ANY RELEVANT PARTIES. ADDITIONALLY, THE POLICY IS REVIEWED WITH ANY NEW

BOARD MEMBER(S) OR KEY EMPLOYEE(S) UPON THEIR ADDITION TO THE ORGANIZATION.


FORM 990, PART VI, LINE 15A - COMPENSATION PROCESS FOR TOP OFFICIAL

THE BOARD OF DIRECTORS REVIEWED SALARY DATA FROM COMPARABLE INDUSTRY

SOURCES, INCLUDING SIMILAR ORGANIZATIONS. THE SALARY PAID WAS AT - OR IN

MOST CASES WELL BELOW - INDUSTRY STANDARDS.


FORM 990, PART VI, LINE 19 - GOVERNING DOCUMENTS DISCLOSURE EXPLANATION

DOCUMENTS WERE AVAILABLE UPON REQUEST.


FORM 990, PART VII - ADDITIONAL INFORMATION

LINE 1A: THROUGH JULY 16, 2019, THE ORGANIZATION HAD ONLY ONE EMPLOYEE, THE

CHAIRMAN OF THE BOARD OF DIRECTORS (THE "BOARD"). ON JULY 17, 2019, THE

ORGANIZATION HIRED ITS SECOND EMPLOYEE AS ITS PRESIDENT, WHO IS A

DAA

S2075 11/12/2020 3:05 PM

| Name of the organization | Employer identification number |
|---|---|
| TRINITY HEALTHSHARE, INC. | 83-1050344 |

NATIONALLY KNOWN EXPERT IN THE FIELD OF HEALTH CARE SHARING MINISTRIES LIKE
THAT OPERATED BY THE ORGANIZATION.  THIS SUBSTANTIALLY ENHANCED
THE ORGANIZATION'S ABILITY TO CARRY OUT ITS TAX EXEMPT CHARITABLE MINISTRY.
 AN INDEPENDENT DIRECTOR WAS ADDED ON OCTOBER 23, 2019.  AS OF THIS
FILING DATE, THE BOARD HAD BEEN EXPANDED FROM THREE (3) DIRECTORS IN 2019
TO FIVE (5) DIRECTORS, THE THIRD, FOURTH AND FIFTH SUCH DIRECTORS
BEING INDEPENDENT, THUS ENABLING THE ORGANIZATION TO MAKE BOARD DECISIONS
THROUGH THE MAJORITY VOTE OF INDEPENDENT DIRECTORS.  THE BOARD OF DIRECTORS
WILL CONTINUE TO AGGRESSIVELY RECRUIT QUALIFIED AND INDEPENDENT BOARD
MEMBERS.


FORM 990, PART X - ADDITIONAL INFORMATION
THE ORGANIZATION IS REPORTING 'BEGINNING OF YEAR' AMOUNTS THAT ARE
CONSISTENT WITH WHAT WAS FILED AS PART OF THE ORGANIZATION'S 2018 FORM 990.
 FOR 2019, THE ORGANIZATION HAS CORRECTED ITS ACCOUNTING TO MORE ACCURATELY
REFLECT ASSET AND LIABILITY AMOUNTS.


FORM 990, PART XI, LINE 9 - OTHER CHANGES IN NET ASSETS EXPLANATION
AS NOTED FOR PART X, THE ORGANIZATION HAS CORRECTED ITS ACCOUNTING TO MORE
ACCURATELY REFLECT ASSET AND LIABILITY AMOUNTS AND HAS NOT YET AMENDED ITS
2018 FORM 990 (AND ITS 2018 ENDING 'NET ASSETS OR FUND BALANCES' AS
REPORTED ON LINE 4).  AS SUCH, A PRIOR PERIOD ADJUSTMENT AMOUNT IS REPORTED
TO PROPERLY REFLECT THE 2019 ENDING 'NET ASSETS OR FUND BALANCES'.


FORM 990, PART XII, LINE 2C - CHANGE IN FINANCIAL REVIEW PROCESS
THE 2018 AUDIT FIRM SELECTION WAS PERFORMED BY ALIERA HEALTHCARE, INC. FOR
2019 THE AUDIT OVERSIGHT AND SELECTION WAS PERFORMED BY THE ORGANIZATIONS'S

**PAGE 2 OF 3**

DAA

S2075 11/12/2020 3:05 PM

Schedule O (Form 990 or 990-EZ) (2019)
Page **2**

| Name of the organization | Employer identification number |
|---|---|
| TRINITY HEALTHSHARE, INC. | 83-1050344 |

BOARD OF DIRECTORS.

Schedule O (Form 990 or 990-EZ) (2019)

DAA