## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| SHARITY MINISTRIES, INC.,[1] | Case No.: 21-11001 (JTD) |
| Debtor. | **Hearing Date: August 5, 1:00 p.m. (ET)**<br>**Objection Deadline: July 29, 2021 at 4:00 p.m. (ET)** |

## MOTION OF SHARITY MINISTRIES, INC. FOR ENTRY OF AN ORDER AUTHORIZING DOCUMENTS CONTAINING MEMBER INFORMATION TO BE FILED UNDER SEAL

The above-captioned debtor and debtor-in-possession, Sharity Ministries, Inc. ("Sharity" or the "Debtor") by and through its proposed undersigned counsel, hereby submits the *Motion of Sharity Ministries, Inc. for Entry of an Order Authorizing Documents Containing Member Information to be Filed Under Seal* (the "Motion"). In support of the Motion, the Debtor relies on the *Declaration of Neil F. Luria in Support of Chapter 11 Petition and First Day Motions* [Docket No. 5] (the "First Day Declaration"),[2] and respectfully states as follows:

## JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

---

[1] The last four digits of the Debtor's federal tax identification number is 0344. The Debtor's mailing address is 821 Atlanta Street, Suite 124, Roswell, GA 30075.

[2] Except where otherwise indicated, capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declaration.

[3] Pursuant to Local Rule 9013-1(f), Sharity hereby confirms its consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are section 107(c) of chapter 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## GENERAL BACKGROUND

3.      On July 8, 2021 (the "Petition Date"), Sharity commenced the above-captioned chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Court.

4.      Sharity continues to operate its business and manage its properties as debtor-in-possession, pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.      Additional information regarding the circumstances leading to the commencement of this Chapter 11 Case and information regarding the Debtor's businesses and capital structure is set forth in detail in the First Day Declaration filed on the Petition Date and incorporated herein by reference.

6.      Sharity is a 501(c)(3) faith-based nonprofit corporation that operated a Health Care Sharing Ministry ("HCSM"), a health care cost sharing arrangement among persons of similar and sincerely held religious beliefs.  It was Sharity's aim to alleviate the burden of expensive health care costs by offering an affordable health care option that aligned both state laws and Christian beliefs. Sharity offered various health sharing programs to its members.  Sharity's health sharing programs were designed to facilitate member-to-member sharing by matching members' sharing requests for eligible medical expenses with other members' voluntary contributions to the

programs.  As of June 30, 2021, Sharity had approximately 10,000 members (the "<u>Members</u>").

7.      On July 14, 2021, Sharity filed the *Notice of Commencement* [Docket No. 49] (the "<u>Notice of Commencement</u>").  On July 21, 2021, Sharity's claims and noticing agent filed a proposed redacted certificate of service for the Notice of Commencement [Docket No. 66] as well as an unredacted version of the certificate of service, filed under seal, for the Notice of Commencement [Docket No. 67] (collectively, the "<u>Certificates of Service</u>").  While the Notice of Commencement does not contain any private or confidential information with regard to Sharity's Members, its Certificates of Service, if unredacted, will publicly disclose every Member's name, home address and the email address of each Member for whom Sharity has an email address on file (the "<u>Member Information</u>").  In addition to the Certificates of Service for the Notice of Commencement, Sharity also anticipates filing documents containing the Member Information that will include, but may not be limited to, various pleadings, affidavits and other certifications (collectively, the "<u>Subsequent Pleadings</u>").

## **RELIEF REQUESTED**

8.      By this Motion, Sharity seeks entry of an order, substantially in the form of the proposed order attached hereto, (i) authorizing that Certificate of Service and Subsequent Pleadings containing Member Information to be filed under seal, (ii) directing that the unredacted Certificate of Service and any Subsequent Pleadings and the Member Information contained therein not be made available to anyone except to the Court, the United States Trustee for the District of Delaware, the Debtor and the professionals retained by the Debtor, and the Subchapter V Trustee, and (iii) granting such other and further relief as is just and proper.

**BASIS FOR RELIEF**

9.      The relief requested by the Debtors is authorized under sections 105(a) and 107(c)(1) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue an order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).

10.     Local Rule 9018-1(d) requires any party who seeks to file documents under seal to file a motion to that effect. Del. Bankr. L.R. 9018-1(d).

11.     Although the public has a common law "right of access to judicial proceedings and records," the Bankruptcy Code permits courts, in appropriate circumstances, to protect individuals from an undue risk of identity theft or other unlawful injury by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information.  *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001); *see* 11 U.S.C. § 107(c); *see also In re Cendant Corp.*, 260 F.3d at 194 (noting the public's right of access "is not absolute" and "access has been denied where court files might have become a vehicle for improper purposes") (citation and internal quotation marks omitted); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although 'the right of access is firmly entrenched, so also is the correlative principle that the right . . . is not absolute.'") (citation and internal quotation marks omitted); *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (finding that the presumption of access could be rebutted when the

movant "show[s] 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure'").

12.     Specifically, section 107(c) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18 [of the United States Code]) contained in a paper filed, or to be filed, in a case under this title.
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

13.     Sharity respectfully submits that it is appropriate to authorize it to file the Certificates of Service and any Subsequent Pleading containing the Member Information filed or to be filed with the Court in the Chapter 11 Case under seal.  Disclosing the Member Information could be used by third parties, among other things, to perpetrate identity theft or locate survivors of domestic violence or stalking who have otherwise taken steps to conceal their whereabouts. This risk is not merely speculative.  In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.[4]  The Member Information would not be rendered entirely unavailable to anyone—Sharity proposes to provide

---

[4] The incident, which took place during the first *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" that included a request to redact certain personal identification information filed in *In re Charming Charlie Holdings, Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019).

unredacted versions of the certificate of service and any Subsequent Pleadings to the Court, the United States Trustee for the District of Delaware, the Debtor and the professionals retained by the Debtor, and the Subchapter V Trustee.  Publishing the Member Information more broadly creates too great of an opportunity for Sharity's Members' information to be used as a vehicle for improper purposes too justify its unredacted disclosure.

14.     The risks posed by the publication of the Member Information—every Member's name, home address and email address—seem particularly great here given Sharity's role in the Member's health and healthcare.  According to the F.B.I., health care fraud "causes tens of billions of dollars in losses each year."  Federal Bureau of Investigation, *Scams and Safety*, https://www.fbi.gov/scams-and-safety/common-scams-and-crimes/health-care-fraud (last visited July 21, 20201).  "Medical identity theft is a concern for patients, health care providers, and health plans."  Federal    Trade    Commission,    *Medical    Identity    Theft*, https://www.ftc.gov/system/files/documents/plain-language/bus75-medical-identity-theft-faq-health-care-health-plan.pdf (last visited July 21, 20201).  It seems self-evident that unnecessarily disclosing the personal information of approximately 10,000 Members creates an undue risk of identity theft, fraud, or other serious harm.  Sharity also respectfully asserts that its Members are not part of this bankruptcy by choice, but because they dealt with Sharity, their personal information is now at risk of disclosure, and in a manner that incorporates specific details about their healthcare—a matter of paramount privacy.  Members at large certainly do not expect that their personal information, which furthermore is directly tied to their health care decisions, would be published in such a manner.

15.     Courts in this jurisdiction and others have granted the relief requested herein in other comparable chapter 11 cases. *See, e.g.*, *In re BC Hospitality Group Inc.*, No. 20-13103 (BLS)

(Bankr. D. Del. Dec. 15, 2020) (authorizing the debtors to redact home addresses of their current and former employees from the creditor matrix and any other future filings that would otherwise contain such information); *In re Global Eagle Entm't Inc.*, No. 20-11835 (JTD) (Bankr. D. Del. July 23, 2020) (authorizing the debtors to redact personally identifiable information, including home address information, of the debtors' creditors and interest holders on the creditor matrix and similar documents filed with the court); *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020) (authorizing the debtors to redact personally identifiable information, including home address information, of the debtors' individual creditors and interest holders on the creditor matrix and similar documents filed with the court); *In re Melinta Therapeutics, Inc.*, No. 19-12748 (LSS) (Bankr. D. Del. Feb. 7, 2020) (authorizing the debtors to file under seal the portions of the creditor matrix, the schedules and statements, and any related affidavits of service containing the home addresses of the debtors' current employees); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) (authorizing the debtors to redact personal identification information, including home address information, of all individuals on documents filed with the court); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) (same).[5]

16.    Recently, in addition to granting the requested relief, courts in this district have also stressed the importance of authorizing debtors to redact personally identifiable information, including home addresses in particular.  In overruling an objection by the U.S. Trustee in *Art Van Furniture* to relief similar to that which is being requested herein, Chief Judge Sontchi noted that the proposed redaction of personally identifiable information is not a "burden of proof" issue so

---

[5] *See also In re Pipeline-Westlake Hospital, LLC d/b/a Westlake Hospital*, No. 19-11757 (KBO) (Bankr. D. Del. Aug. 6, 2019); *In re Hexion Holdings LLC*, No. 19-10684 (KG) (Bankr. D. Del. June 24, 2019; *In re Promise Healthcare Grp.*, LLC, No. 18-12491 (CSS) (Bankr. D. Del. Dec. 4, 2018); *In re Keystone Tube Co., LLC*, No. 17-11330 (LSS) (Bankr. D. Del. Jun. 20, 2017); *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016).

"much as a common sense issue." Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10553

(CSS) (Bankr. D. Del. Mar. 10, 2020) [Docket No. 82], attached hereto as **Exhibit A**.[6]  Judge

Sontchi found that "at this point and given the risks associated with having any kind of private

information out on the internet, [redaction] has really become routine [and] I think obvious relief."

*Id.* at 25:13–16.   Similarly, in *Clover Technologies*, Judge Owens overruled the U.S. Trustee's

objection, noting that:

> To me it is common sense.  I don't need evidence that there is, at
> best, a risk of identity theft and worse a risk of personal injury from
> listing someone's name and address on the internet by way of the
> court's electronic case filing system and, of course, the claims
> agent's website.
>                                . . . .
> The court can completely avoid contributing to the risk by redacting
> the addresses.  And while there is, of course, an important right of
> access we routinely redact sensitive and confidential information for
> corporate entities and redact individual's home addresses.

Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D.

Del. Jan. 22, 2020) [Docket No. 146], attached hereto as **Exhibit C**.   And, in *Forever 21*, in

overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which

the theft of personal identification is a real risk, as is injury to persons who, for personal reasons,

seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122

(KG) (Bankr. D. Del. Dec. 19, 2019) [Docket No. 605], attached hereto as **Exhibit D**.

---

[6]  Similarly, Judge Sontchi previously overruled the U.S. Trustee's objection to the redaction of individuals'
information and found that "it's just plain common sense in 2019—soon to be 2020—to put as little information out
as possible about people's personal lives to present [sic] scams . . . [Identity theft] is a real-life issue, and, of course,
the issue of domestic violence is extremely important." Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna Holdings*, No. 19-
12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) [Docket No. 112], attached hereto as **Exhibit B**.

Notably, Judge Sontchi acknowledged that "the world is very different from when you and I started practice with the
problems of identity theft" and that his perspective had evolved in that he was not previously aware of "the dangers
with this kind of information becoming public."  *See Id.*, Hr'g Tr. at 45:25-46:2, 47:22–24.  Sharity reserves the right
to supplement the record with respect to such risks insofar as they are not self-evident in this instance.

17.     Here, the benefit of public access to the Member Information is limited, if existent at all, in the context of the Chapter 11 Case, when the Member Information will be made available to the Court, the United States Trustee for the District of Delaware, the Debtor and the professionals retained by the Debtor, and the Subchapter V Trustee.  To publicly disclose each Member's name, home address and email address would create an undue risk of identity theft for those already grappling with the effects of Sharity's bankruptcy, and now its winddown. Accordingly, despite the presumption in favor of public access, the privacy concerns at issue here tip the scales substantially toward sealing the Member Information.  For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to seal any documents containing the Member Information.  Absent such relief, Sharity would unnecessarily render individuals more susceptible to identity theft or other unlawful injury and could jeopardize the safety of individuals by publishing their names, home addresses and email addresses.

## NOTICE AND NO PRIOR REQUEST

18.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the Subchapter V Trustee; and (c) any party requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, Sharity submits that no other or further notice is required.

19.     No previous request for the relief sought in this Motion has been made to this Court or any other court.

### [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, for the reasons set forth herein, Sharity respectfully requests that this Court enter an order substantially in the form of the proposed order attached hereto, (i) authorizing that Certificate of Service and Subsequent Pleadings containing Member Information to be filed under seal, (ii) directing that the Certificate of Service and any Subsequent Pleadings and the Member Information contained therein not be made available to anyone except to the Court, the United States Trustee for the District of Delaware, the Debtor and the professionals retained by the Debtor, and the Subchapter V Trustee, and (iii) granting such other and further relief as is just and proper.

Dated: July 22, 2021
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Nicolas E. Jenner*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Nicolas E. Jenner (No. 6554)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
      mcguire@lrclaw.com
      jenner@lrclaw.com

-and-

**BAKER & HOSTETLER LLP**

Jorian L. Rose (Admitted *pro hac vice*)
Jason I. Blanchard (Admitted *pro hac vice*)
Elyssa S. Kates (Admitted *pro hac vice*)
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Email: jrose@bakerlaw.com
      jblanchard@bakerlaw.com
      ekates@bakerlaw.com

Andrew V. Layden (Admitted *pro hac vice*)
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801-3432
Telephone: 407) 649-4000
Facsimile: (407) 841-0168
Email: alayden@bakerlaw.com

*Proposed Counsel for the Debtor
and Debtor-in-Possession*