**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SHARITY MINISTRIES, INC.,[1] | ) | Case No. 21-11001 (JTD) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**JOINT OBJECTION BY THE PEOPLE OF THE STATE OF**
**CALIFORNIA AND THE STATE OF TEXAS TO THE DEBTOR'S**
**CHAPTER 11 PLAN OF LIQUIDATION**
**[*Relates to Dkt. Nos. 264 & 299*]**

COMES NOW, the People of the State of California ("People"), by and through Rob Bonta, the Attorney General of the State of California, and the State of Texas, by and through the Office of the Texas Attorney General, and submits this *Joint Objection by the People of the State of California and the State of Texas to the Debtor's Chapter 11 Plan of Liquidation* ("Objection"), and states as follows:

### I.    OVERVIEW

While the People and the State of Texas have come to an agreement with the Debtor as to language that will settle this objection, as of the time of filing, neither an amended Plan nor an amended proposed confirmation order with agreed upon language had been filed.  As such, the People and the State of Texas files this objection out of an abundance of caution.

The Debtor's Plan[2] should not be confirmed because the Plan's injunctive provision acts as a complete discharge of the Debtor in violation of section 1141(d)(3) of the Bankruptcy Code.

---

[1] The last four digits of the Debtor's federal tax identification number is 0344. The Debtor's mailing address is 821 Atlanta Street, Suite 124, Roswell, GA 30075.

[2] "Plan" means the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Sharity Ministries Inc.* [Docket No. 264] and the *Amended Plan Supplement* [Docket No. 299].

---

As such, the People and the State of Texas, as holders of a Government Fines and Penalties Claims against the Debtor that are addressed in Art. VII.A.5 of the Plan, object and request that the Plan's injunctive provision be limited to only an injunction that applies to the Debtor's assets.

## II.    BACKGROUND

1.      On July 8, 2021, the Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code and designated this bankruptcy proceeding as a Sub-V under Chapter 11. [Dkt. No. 1].

2.      On August 20, 2021, the U.S. Trustee appointed the Member Committee. [Dkt. No. 163].

3.      On October 1, 2021, the Debtor filed its Sub-Chapter V Plan, its *Motion of the Debtor for Entry of an Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto; (III) Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto; and (IV) Granting Related Relief*, and a request to approve the stipulation entered into by the Debtor, the Subchapter V Trustee, the U.S. Trustee, the Member Committee, and the States which, among other things, sought to remove the Debtor's Sub-V designation and appoint the Member Committee as the Official Committee of Unsecured Creditors Committee under 11 U.S.C. section 1102(a). [Dkt. No. 223, 224, & 225].

4.      On October 4, 2021, this Court signed the Order approving the stipulation and the bankruptcy proceeded as a Chapter 11. [Dkt. No. 229].

5.      On October 14, 2021, the Debtor filed its *Chapter 11 Combined Plan and Disclosure Statement*. [Dkt. 264].

6.      Also on October 14, 2021, this Court signed the Order approving the disclosure statement on an interim basis, setting the deadline to file a plan supplement for November 8, 2021, setting the disclosure statement and plan objection deadline for November 22, 2021, and setting the final confirmation hearing for December 2, 2021. [Dkt. No. 263].

7.      On November 8, 2021, the Debtor filed its 40-page Plan Supplement. [Dkt. No. 293].

8.      On November 18, 2021, the Debtor filed its 98-page Amended Plan Supplement. [Dkt. No. 299].

### III.    OBJECTION

9.      The Debtor's Plan should not be confirmed because it fails to comply with 11 U.S.C. section 1141(d)(3) because the Plan's injunctive provision acts as a complete discharge of the Debtor in violation of 11 U.S.C. section 1141(d)(3). ("The court shall confirm a plan only if . . . [t]he plan complies with the applicable provisions of this title").

**A.      11 U.S.C. § 1141(d)(3) Denies a Discharge to a Chapter 11 Liquidating Corporate Debtor and an Improper Injunction Can Act as an Improper Discharge.**

10.      11 U.S.C. section 1141(d)(3) denies a Chapter 11 liquidating corporate debtor from receiving a discharge. [3] "Congress designed Section 1141(d)(3) to discourage trading in corporate shells." *Id.* (citing H.R. Rep. No. 595, 95th Cong. 1st Sess. 384 (1977)). "It achieves that goal by

---

[3] 11 U.S.C. § 1141(d)(3) states:

"The confirmation of a plan does not discharge a debtor if—
(A)      the plan provides for the liquidation of all or substantially all of the property of the estate;
(B)      the debtor does not engage in business after consummation of the plan; and
(C)      the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title."

freighting the shell with all the claims, so that any claims or portions of claims not paid by the liquidation will attach to the shell, making the shell much less attractive for use in starting up another enterprise." *Id.* For example, "a corporation with a substantial tax loss but with all of its debts discharged would be an attractive vehicle to shield profits." *U.S. Dismant. Corp. v. Jeffrey M. Brown Assocs., Inc.*, No. 97–CV–1309, 2000 WL 433971, at *2 (E.D. Pa. Apr. 13, 2000).

11.    11 U.S.C. section 1141(d)(3) "prevents corporations and partnerships from proceeding under chapter 11 with a plan that is nothing more than a liquidation in order to circumvent section 727(a)'s prohibition against a discharge of a corporation or partnership in a chapter 7 liquidation case." 6 COLLIER ON BANKRUPTCY ¶ 727.01[3] (Richard Levin & Henry J. Sommer eds., 16th ed. 2021). Confirmation of a liquidating plan operates as a denial of discharge. *Teamsters' Pension Tr. Fund v. Malone Realty Co.*, 82 B.R. 346, 349 (E.D. Pa. 1988). "[T]he lack of a discharge means that the creditor is not barred from proceeding against the corporation itself and whatever assets might subsequently come into its possession." *In re Fairchild Aircraft Corp.*, 128 B.R. 976, 982 (Bankr. W.D. Tex. 1991).

12.    Because under 11 U.S.C. section 1141(d)(3), a liquidating Chapter 11 plan may not provide for the discharge of the debtor, an injunction preventing post-confirmation claims prosecution operates as an impermissible discharge of the Debtors. *See In re Bigler LP*, 442 B.R. 537, 545–46 (Bankr. S.D. Tex. 2010).

13.    Under 11 U.S.C. section 1141(d)(3), one must prove the following three elements for confirmation to be denied:

(A)    the plan provides for the liquidation of all or substantially all of the property of the estate;

(B)    the debtor does not engage in business after consummation of the plan; and

(C)    the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

14.     As set out below, all three elements are present in this case.

**B.     The Injunctive Relief Setout in the Plan Operates as an Impermissible Discharge under Section 1141(d)(3), and Confirmation Should be Denied.**

   i.     *The Plan's Injunctive Language Operates as an Impermissible Discharge.*

15.      The injunctive relief sought in the Plan operates as an impermissible discharge.

16.     While the first paragraph of the Plan's injunction provision states: "Pursuant to 1141(d)(3), confirmation of this Plan does not discharge this Debtor from any debt that arose before the date of the confirmation," Article XIV.B of the Plan takes any force behind this first paragraph away, giving the Debtor an injunction in violation of section 1141(d)(3).

17.     Specifically, Article XIV.B's injunctive language states that "[f]rom and after the Effective Date, no suit, action, or other proceeding, on account of any claim, demand, liability, obligation, debt, right, cause of action, interest, or remedy may be brought against the Debtor, . . . with respect to satisfaction of claims that were treated pursuant to the Plan or the Confirmation Order . . ."

18.     As here, "[a]n injunction preventing the post-confirmation prosecution of claims. . .operate[s] as a discharge of the Debtors. Accordingly, it impermissible under the Code." *In re Bigler LP*, 442 B.R. 537, 545 (Bankr. S.D. Tex. 2010); *see also, e.g.*, *In re Sacred Heart Hosp.*, 182 B.R. 413, 422 (Bankr. E.D. Pa. 1995) (ordering debtor to strike post-confirmation injunction from liquidating plan).

19.     Similarly, Article XVI.H of the Plan ("Dissolution of the Debtor and Closing of the Chapter 11 Case") purports to "deem[] [Debtor] to be immediately dissolved upon the Effective Date under applicable law and shall have no corporate existence thereafter without the necessity for any other or further actions  to be taken by or on behalf of the Debtor or action or formality which might otherwise be required under applicable non-bankruptcy laws."

20.     There are two issues with Debtor's purported dissolution under the Plan. First, "[d]issolution . . . is not an objective that can be attained in bankruptcy." *In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 126 (3d. Cir. 2004). "After liquidation, any dissolution of the corporation or partnership that the parties desire must be effectuated under state law, since the Code does not provide for dissolution of corporations or partnerships." 6 COLLIER ON BANKRUPTCY, *supra*, ¶ 727.01[3].

21.     Second, the Debtor's attempt to terminate any further corporate existence "under applicable law" would operate as a *de facto* discharge by preventing "claims or portions of claims not paid by the liquidation [from] attach[ing] to the shell…" *In re Fairchild Aircraft Corp.*, 128 B.R. at 982; *see also U.S. Dismant. Corp.*, 2000 WL 433971, at *2. It also appears to be an impermissible attempt to preempt state laws, including those that permit the commencement or continuation of actions against dissolved entities. *See, e.g.*, Del. Code § 278. As such, the Plan's dissolution provision also violates § 1141(d)(3).

22.     Therefore, the Plan's injunctive provision and the Plan's attempted dissolution of the Debtor both operate as impermissible discharges in this case.

  ii.  *The Elements in 11 U.S.C. Section 1141(d)(3) are Met and Confirmation Should be Denied*.

23.      The three elements under 11 U.S.C. § 1141(d)(3) are met as follows:

(a) the Plan is a "Plan of Liquidation," *see, e.g.*, Art. I;

(b) Debtors wound down and ceased conducting business post-petition, *see, e.g.*, Art. III.A; and

(c) Debtor would be denied a discharge under chapter 7 because it is not an individual, *see* 11 U.S.C § 727(a)(1).

24.    Accordingly, Debtors are "clearly prevent[ed] . . . from obtaining any type of discharge," including the discharge hidden in the Plan's injunctive language, and the Plan should not be confirmed. *In re Sis Corp.*, 120 B.R. 93, 96 (Bankr. N.D. Ohio 1990).

## C.    <u>Alternative Relief.</u>

25.    In the alternative, to address these issues, the People and the State of Texas respectfully request the following language be added to the Plan and Order Confirming the Plan:

> *Nothing in the Plan or Confirmation Order precludes any Governmental Entity from using its own judicial or regulatory processes to initiate, pursue, or resolve any police or regulatory matters involving the Debtor and to settle such matters or enter judgment thereon, but with the further understanding that collection of any amounts founds to be owing from the Debtor under such resolution shall be made in accordance with the payment terms of the Plan to holders of Class 5 Claims.*

## IV.    <u>PRAYER</u>

WHERFORE PREMIS CONSIDERED, the People and the State of Texas pray that this Court deny confirmation of the Plan because the injunctive provisions act as an improper discharge of the Debtor and violates 11 U.S.C. section 1141(d)(3). Alternatively, the People and the State of Texas prays that the following language be included in the Plan and any Order Confirming the Plan:

> *Nothing in the Plan or Confirmation Order precludes any Governmental Entity from using its own judicial or regulatory processes to initiate, pursue, or resolve any police or regulatory matters involving the Debtor and to settle such matters or enter judgment thereon, but with the further understanding that collection of any amounts founds to be owing from the Debtor under such resolution shall be made in accordance with the payment terms of the Plan to holders of Class 5 Claims.*

The People and the State of Texas further prays for any further relief to which this Court finds they are entitled.

---

Dated: November 22, 2021,          ROB BONTA
                                   Attorney General of California

                                   By:    /s/ Ari Dybnis
                                   ARI DYBNIS
                                   ANNA MOLANDER
                                   STEPHANIE YU
                                   Deputy Attorneys General
                                   300 South Spring Street, Suite 1702
                                   Los Angeles, CA 90013
                                   Telephone: (213) 269-6664
                                   Fax: (916) 731-3652
                                   Email: ari.dybnis@doj.ca.gov

                                   *Attorneys for the People of the State of California*

                                   KEN PAXTON
                                   Attorney General of Texas

                                   BRENT WEBSTER
                                   First Assistant Attorney General

                                   GRANT DORFMAN
                                   Deputy First Assistant Attorney General

                                   SHAWN E. COWLES
                                   Deputy Attorney General for Civil Litigation

                                   RACHEL R. OBALDO
                                   Assistant Attorney General
                                   Chief, Bankruptcy & Collections Division

                                    /s/Abigail R. Ryan
                                   ABIGAIL R. RYAN
                                   Texas State Bar No. 24035956
                                   Office of the Attorney General of Texas
                                   Bankruptcy & Collections Division
                                   P. O. Box 12548 MC008
                                   Austin, Texas 78711-2548
                                   Telephone: (512) 463-2173
                                   Facsimile: (512) 936-1409
                                   Abigail.ryan@oag.texas.gov

                                   ATTORNEYS FOR THE STATE OF TEXAS

## CERTIFICATE OF SERVICE

I certify that on November 22, 2021, a true and correct copy of the foregoing has been

served via the Court's Electronic Filing System on all parties requesting notice in this proceeding,

and on the following parties by electronic mail:

| **Proposed Debtor's Counsel**:<br>LANDIS RATH & COBB LLP<br>Adam G. Landis<br>landis@lrclaw.com<br>Matthew B. McGuire<br>mcguire@lrclaw.com<br>Nicolas E. Jenner<br>jenner@lrclaw.com<br><br>BAKER & HOSTETLER LLP<br>Jorian L. Rose<br>jrose@bakerlaw.com<br>Jason I. Blanchard<br>jblanchard@bakerlaw.com<br>Elyssa S. Kates<br>ekates@bakerlaw.com<br>Andrew V. Layden<br>alayden@bakerlaw.com | **Office of the Unites States Trustee**<br>Rosa Sierra, Trial Attorney<br>J. Caleb Boggs Federal Building<br>844 King Street, Room 2207<br>Lockbox 35<br>Wilmington, DE 19801<br>rosa.sierra@usdoj.gov |
|---|---|
| ALABAMA DEPARTMENT OF INSURANCE<br>PO BOX 303351<br>MONTGOMERY, AL 36130-3351<br>INSDEPT@INSURANCE.ALABAMA.GOV | ARIZONA DEPARTMENT OF INSURANCE<br>WENDY GREENWOOD<br>100 NORTH 15TH AVE, SUITE 102<br>PHOENIX, AZ 85007-2624<br>WGREENWOOD@AZINSURANCE.GOV |
| DAVID C. WEISS<br>C/O ELLEN SLIGHTS, ESQUIRE<br>US ATTORNEY`S OFFICE DISTRICT OF DE1007<br>N. ORANGE STREET, SUITE 700<br>WILMINGTON, DE 19801<br><br>ELLEN.SLIGHTS@USDOJ.GOV | DELAWARE SECRETARY OF STATE<br>CORPORATIONS FRANCHISE TAX<br>PO BOX 898<br>DOVER, DE 19903<br><br>DOSDOC_FTAX@STATE.DE.US |
| DELAWARE ATTORNEY GENERAL DELAWARE<br>DEPARTMENT OF JUSTICECARVEL STATE<br>BUILDING<br>820 N. FRENCH ST. WILMINGTON, DE 19801<br><br>ATTORNEY.GENERAL@STATE.DE.US | DIVISION OF MARKET REGULATION &MAIL<br>CHA, INSURANCE EXAMINER ENFORCEMENT<br>PO BOX 7873<br>MADISON, WI 53707-7873<br><br>MAI.CHA@WISCONSIN.GOV |

| | |
|---|---|
| GEORGIA OFFICE OF INSURNCE & SAFETY FIRE COMMISSIONER<br>2 MLK JR. DR, W TOWER, STE 702<br>ATLANTA, GA 30334-0000<br><br>PH :(404) 656-2070<br><br>ADMINPROC@OCI.GA.GOV | ILLINOIS DEPARTMENT OF INSURANCE<br>320 W. WASHINGTON STREET<br>SPRINGFIELD, IL 62767-0000<br><br>PH :217-782-4515<br><br>DOI.INFODESK@ILLINOIS.GOV |
| KANSAS INSURANCE DEPARTMENT 1300 SW ARROWHEAD RD.<br>TOPEKA, KS 66604-0000<br>KID.COMMISSIONER@KS.GOV | KANSAS OFFICE OF THE ATTY GENERAL LYNETTE GOOD<br>120 W. 10TH AVE., 2ND FL TOPEKA, KS 66612-1597<br>LYNETTE.GOOD@AG.KS.GOV |
| KENTUCKY DEPARTMENT OF INSURANCE<br>500 MERO STREET<br>2 SE 11<br>FRANKFORT, KY 40601-0000<br>PH :502-564-3630<br>FAX:502-564-1650<br>DOI.ISHELPDESK@KY.GOV | LIFE & HEALTH MARKET REGULATION<br>JAMES KOCHA, SR. MANAGEMENT ANALYST<br>FL OFFICE OF INSURANCE REGULATION<br>200 E. GAINES STREET<br>TALLAHASSE, FL 32399<br>JAMES.KOCHA@FLOIR.COM |
| MICHIGAN DEPT OF INSURANCE AND FINANCIAL SERVICES<br>PO BOX 30220<br>LANSING, MI 48909-7720<br>DIFSINFO@MICHIGAN.GOV | MINNESOTA DEPARTMENT OF COMMERCE<br>85 7TH PLACE EAST<br>SUITE 280<br>SAINT PAUL, MN 55101-0000<br>PH :651-539-1600<br>CONSUMER.PROTECTION@STATE.MN.US |
| MISSOURI DEPARTMENT OF INSURANCE, ROBERT TILLMAN<br>FIN. INSTITUTIONS & PROF. REGST.<br>PO BOX 690<br>JEFFERSON CITY, MO 65102-0690<br>ROB.TILLMAN@INSURANCE.MO.GOV | NEBRASKA DEPARTMENT OF INSURANCE<br>PO BOX 82089<br>LINCOLN, NE 68501-2089<br>PH :402-471-2201<br>DOI.WEBMASTER@NEBRASKA.GOV |
| NEVADA DIVISION OF INSURANCE<br>1818 E. COLLEGE PKWY<br>SUITE 103<br>CARSON CITY, NV 89706-0000<br>PH :(775) 687-0700<br>FAX:702-486-4007<br>CSCC@DOI.NV.GOV | OFFICE OF LICENSING AND MARKET REG.<br>DUSTIN SIMON, INSURANCE INVSTGTR<br>MI DEPT OF INSURANCE & FIN. SERVS<br>PO BOX 30220<br>LANSING, MI 48909-7720<br>SIMOND8@MICHIGAN.GOV |
| RHODE ISLAND DEPT OF BUSINESS REGULATION, INSURANCE DIVISION 1511 PONTIAC AVENUE<br>CRANSTON, RI 02920-0000<br>DBR.INSURANCE@DBR.RI.GOV | SOLIC CAPITAL ADVISORS, LLC<br>N. LURIA, R. NOWITZ, K. TAVAKOLI 425 W. NEW ENGLAND AVENUE SUITE 300<br>WINTER PARK, FL 32789<br>PH :847.583.1618<br>NLURIA@SOLICCAPITAL.COM |

| | |
|---|---|
| SOLIC CAPITAL ADVISORS, LLC<br>N. LURIA, R. NOWITZ, K. TAVAKOLI<br>425 W. NEW ENGLAND AVENUE SUITE 300<br>WINTER PARK, FL 32789<br>PH :847.583.1618<br>RNOWITZ@SOLICCAPITAL.COM | SOLIC CAPITAL ADVISORS, LLC<br>N. LURIA, R. NOWITZ, K. TAVAKOLI<br>425 W. NEW ENGLAND AVENUE, SUITE 300<br>WINTER PARK, FL 32789<br>PH :847.583.1618<br>KTAVAKOLI@SOLICCAPITAL.COM |
| SOUTH CAROLINA DEPT OF INSURANCE 1201<br>MAIN STREET<br>SUITE 1000<br>COLUMBIA, SC 29201-0000<br>INFO@DOI.SC.GOV | SR. DEPUTY COMMISSIONER KATHY SHORTT<br>NORTH CAROLINA DEPT OF INSURANCE 1201<br>MAIL SERVICE CENTER<br>RALEIGH, NC 27699-1201<br>KATHY.SHORTT@NCDOI.GOV |
| STATE OF UTAH INSURANCE DEPT<br>CARRIE BACKUS, MRKT CONDUCT EXAMINER<br>STATE OFFICE BUILDING<br>SUITE 3110<br>SALT LAKE CITY, UT 84114-6901<br>CBACKUS@UTAH.GOV | TENNESSEE DEPARTMENT OF COMMERCE &<br>INSURANCE<br>500 JAMES ROBERTSON PKWY NASHVILLE,<br>TN 37243-0565<br>ASK.TDCI@TN.GOV |
| U.S. ATTORNEY`S OFFICE DAVID C. WEISS<br>HERCULES BUILDING<br>1313 N MARKET STREET WILMINGTON, DE<br>19801<br>DAVID.WEISS@USDOJ.GOV | WEST VIRGINIA OFFICES OF THE INS<br>COMMISSIONER<br>PO BOX 50540<br>CHARLESTON, WV 25305-0540<br>OICLEGAL@WV.GOV |
| WISCONSIN OFFICE OF THE COMM`R OF<br>INSURANCE<br>PO BOX 7873<br>MADISON, WI 53707-7873<br>OCICOMPLAINTS@WISCONSIN.GOV | BURR & FORMAN LLP<br>(RE: COUNSEL TO ALIERA COMPANIES)<br>J. CORY FALGOWSKI, ESQUIRE 1201 N.<br>MARKET STREET SUITE 1407<br>WILMINGTON, DE 19801<br>PH :302-830-2312 FAX:<br>JFALGOWSKI@BURR.COM |
| BURR & FORMAN LLP<br>(RE: COUNSEL TO ALIERA COMPANIES)<br>MARC P. SOLOMON, ESQUIRE<br>420 NORTH 20TH STREET<br>SUITE 3400<br>BIRMINGHAM, AL 35203<br>MSOLOMON@BURR.COM | ADVEVO, LLC<br>990 HAMMOND DRIVE<br>SUITE 700<br>ATLANTA, GA 30328-0000<br>MARTHA.PARKER@ALIERACOMPANIES.COM |
| ENSURIAN AGENCY, LLC<br>990 HAMMOND DRIVE<br>SUITE 700<br>ATLANTA, GA 30328-0000<br>MARTHA.PARKER@ALIERACOMPANIES.COM | GIBBONS, P.C.<br>ONE GATEWAY CENTER<br>NEWARK, NJ 07102-5310<br>JMARTIN@GIBBONSLAW.COM |

| | |
|---|---|
| RON HINKLE<br>LEGISLATIVE CONSULTANT<br>PO BOX 11664<br>AUSTIN, TX 78711<br>RON@RHINKLE.COM | TACTIC EDGE SOLUTIONS, LLC<br>990 HAMMOND DRIVE<br>SUITE 700<br>ATLANTA, GA 30328-0000<br>MARTHA.PARKER@ALIERACOMPANIES.COM |
| USA BENEFITS & ADMINISTRATORS, LLC 990<br>HAMMOND DRIVE<br>SUITE 700<br>ATLANTA, GA 30328-0000<br>MARTHA.PARKER@ALIERACOMPANIES.COM | Karen Cordry, Bankruptcy Counsel<br>National Association of Attorneys General<br>kcordry@naag.org |