# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| SHARITY MINISTRIES, INC.,[1] | Case No. 21-11001 (JTD) |
| | **Re: D.I. 144** |
| Debtor. | |

## FINAL REPORT OF FORMER SUBCHAPTER V TRUSTEE CONCERNING COURT ORDER ENTERED AT D.I. 144

I, Holly S. Miller, former Subchapter V Trustee in this bankruptcy case (the "Trustee"), and in accordance with this Court's Order dated August 12, 2021 and entered at D.I. 144, report as follows:

1.  On July 8, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.  On July 22, 2021, the U.S. Trustee filed the *United States Trustee's Motion to Remove the Debtor in Possession Pursuant To 11 U.S.C. § 1185, Or Alternatively, Motion To Authorize The Subchapter V Trustee To Investigate The Debtor's Financial Affairs Pursuant To 11 U.S.C. § 1183* at. D.I. 68 ("U.S. Trustee Motion").

3.  Thereafter, the following joinders and responses were filed to the U.S. Trustee Motion: (i) *AlieraCare Plaintiffs' Joinder in United States Trustee's Motion To Remove The Debtor In Possession Or Alternatively To Authorize The Subchapter V Trustee To Investigate The Debtor's Affairs* at D.I. 85 ("AlieraCare Plaintiffs' Joinder"); (ii) *Joinder To The United States Trustee's*

---

[1] The last four digits of the Debtor's federal tax identification number is 0344. The Debtor's mailing address is 821 Atlanta Street, Suite 124, Roswell, GA 30075.

1

*Motion To Remove The Debtor In Possession Pursuant To 11 U.S.C. § 1185, Or Alternatively, Motion To Authorize The Subchapter V Trustee To Investigate The Debtor's Financial Affairs Pursuant To 11 U.S.C. § 1183* at D.I. 93 ("States' Joinder") (the AlieraCare Plaintiffs' Joinder together with the States' Joinder, the "Joinders"); and (iii) *Debtor's Response In Opposition To The United States Trustee's Motion To Remove The Debtor In Possession Pursuant To 11 U.S.C. § 1185, Or Alternatively, Motion To Authorize The Subchapter V Trustee To Investigate The Debtor's Financial Affairs Pursuant To 11 U.S.C. § 1183* at D.I. 84 ("Debtor's Response").

4. On August 5 and August 9, 2021, the Court held a hearing to consider, among other things, the U.S. Trustee Motion and the responses thereto.

5. Consistent with the Court's ruling at the hearing, the U.S. Trustee submitted a proposed order concerning the Court's ruling on the U.S. Trustee Motion.

6. On August 12, 2021, the Court entered an Order whereby it held in abeyance the U.S. Trustee's Moton to Remove the Debtor in Possession pursuant to 11 U.S.C. § 1185 and, with respect to the U.S. Trustee's Motion to Authorize the Subchapter V Trustee to Investigate the Debtor's Financial Affairs pursuant to 11 U.S.C. § 1183, ordered that Subchapter V Trustee shall:

- (i) be kept fully informed by the Debtor, the Chief Restructuring Officer, and SOLIC on all data migration and data management issues;
- (ii) investigate whether the Debtor is eligible to be a Subchapter V debtor;
- (iii) investigate whether the Debtor's employees, as of the Petition Date, are necessary for the purposes of this bankruptcy case; and
- (iv) investigate and provide guidance to this Court as to SOLIC's continued services in this bankruptcy case and an approximate timeframe for SOLIC's termination and discharge.

7. On October 4, 2021, the Court entered an Order approving Stipulation to (i)

Withdraw Subchapter V Election and (ii) Grant Related Relief (the "Stipulation to Withdraw"). *See* D.I. 229.

8.  The Stipulation to Withdraw provided, *inter alia*, "Effective as of the date of an order approving this Stipulation, the Subchapter V Trustee's rights and obligations under 11 U.S.C. § 1183 shall be terminated, except that the Subchapter V Trustee shall have the right and obligation to complete her duties identified in the August 12, 2021 Order. The Subchapter V Trustee shall file a notice with the Court upon the completion of such duties." *See* D.I. 229-1.

9.  On December 2, 2021, the Court entered Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Plan of Liquidation of Sharity Ministries Inc. Pursuant to Chapter 11 of the Bankruptcy Code. *See* D.I. 343.

10. Accordingly, the Trustee submits this final report to the Court, which serves as notice that her duties pursuant to the August 12, 2021 Order have been completed, as follows:

**Data Migration and Management Issues**

11. The Trustee and Mr. Neil Luria have maintained regular communications so as to keep the Trustee fully informed as it pertains to data migration and management issues.

12. As of the date of Confirmation, the Trustee has been advised as follows:

- The Debtor believes that there will be in excess of $1.0 million of liquid funds available for the Liquidating Trust (after payment of administrative costs)[2];
- The remaining assets of the liquidating trust upon the effectiveness of the Plan of Liquidation other than liquid assets will be contingent claims against third parties;
- The estimated claims of the Class 4 claimants – which are former Sharity members – equal approximately $600 million, which was calculated, as to each member, as the

---

[2] This is based on a forecasted December 31, 2021 effective date and the Debtor's currently forecasted administrative claims.

3

greater of (a) gross unpaid share requests (which total $317 million) and (b) member contributions plus upfront fees (which total $362 million)[3].

• After the Committee was appointed, counsel to the Committee participated in the calls between the Trustee and Mr. Luria regarding data migration. Thereafter, upon information and belief, the Committee and Mr. Luria continued to communicate directly regarding data migration issues.

• The Trustee does not anticipate she has any documentation or information that is not already in the possession or knowledge of the Committee and/or Liquidating Trustee. The Trustee will cooperate with the Committee and Liquidating Trustee to the extent that any such documentation and/or information is not already in the possession of the Committee and/or Liquidating Trustee.

**Debtor's Eligibility to be a Subchapter V Debtor**

13. This issue has been rendered moot by the Stipulation to Withdraw and the Order approving same.

**Debtor's Employees as of the Petition Date**

14. As of the date of Confirmation, all of Sharity employees have been terminated or resigned.

15. Sharity has continued to retain Kathy Hawkins for accounting services as an independent contractor, paid $7,000.00 per month.

**SOLIC's Termination and Discharge**

16. Neil Luria of SOLIC will serve as Liquidating Trustee upon effectiveness of the Plan. At that time, his services as Chief Restructuring Officer will cease.

---

[3] The Debtor reports that such amounts will change as a result of claims continuing to be received in the mail and other claims which may be received prior to the bar date and are in the process of being reconciled.

WHEREFORE, Holly S. Miller, the former Subchapter V Trustee of this bankruptcy case submits that the duties contemplated in this Court's August 12, 2021 are complete and respectfully requests she be discharged from this bankruptcy case.

Respectfully Submitted,

Dated: December 9, 2021
Wilmington, Delaware

/s/ Holly S. Miller
Holly S. Miller
8 Penn Center
1628 John F. Kennedy Blvd, Ste 1901
Philadelphia, PA 19103
Tel: (215) 238-0012
Fax: (215) 238-0016
Email: hsmiller@gsbblaw.com

Former Subchapter V Trustee